[Cite as *In re A.M.G.H.*, 2020-Ohio-534.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|                    |   |                              |
|--------------------|---|------------------------------|
| IN RE:             | : |                              |
| A.M.G.H.           | : | CASE NO. CA2019-10-079       |
|                    | : | O P I N I O N<br>2/18/2020   |
|                    | : |                              |
|                    | : |                              |
|                    | : |                              |

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 19 AD 1601

Kroener Hale Law firm, Christina M. Strasel, 101 N. Riverside Drive, Batavia, Ohio 45103, for appellant

Maternal Grandparents, pro se

**RINGLAND, J.**

{¶ 1} Appellant, the biological father of A.M.G.H. ("Father"), appeals from the decision of the Clermont County Court of Common Pleas, Probate Division, finding that his consent is not required for the adoption of the child by her maternal grandparents ("Maternal Grandparents"). For the reasons outlined below, we affirm.

{¶ 2} The child involved in this case, A.M.G.H., was born on May 5, 2010. On June

14, 2019, Maternal Grandparents filed a petition to adopt A.M.G.H., who had been in their legal custody since November 14, 2014. The petition alleged that A.M.G.H.'s mother's consent was not required because she was deceased. The petition further claimed that Father's consent was not required because he had failed without justifiable cause to provide more than de minimis contact with the minor for a period of at least one year immediately preceding the filing of the petition. The probate court gave Father notice of Maternal Grandparents' petition and the date of the adoption hearing. After receiving notice, Father failed to respond or object to the petition.

{¶ 3} On August 26, 2019, a magistrate held a hearing regarding the petition to adopt. Maternal grandmother testified regarding Father's contact with A.M.G.H. Father did not attend the hearing. Shortly thereafter, the magistrate issued a written decision and concluded that, based upon maternal grandmother's testimony, Father had maintained more than de minimis contact with A.M.G.H. during the one-year period preceding the filing of the adoption petition. As a result, the magistrate found Father's consent was required in order to proceed. Neither Father nor Maternal Grandparents filed any objection to the magistrate's decision.

{¶ 4} Thereafter, on September 13, 2019, the probate court issued a final judgment entry reversing the magistrate's decision. In its entry, the probate court found that because Father failed to object to the adoption petition within 14 days as required by R.C. 3107.07(K), his consent was not required pursuant to a decision from this court, *In re T.L.S.*, 12th Dist. Fayette No. CA2012-02-004, 2012-Ohio-3129, ¶ 12.

{¶ 5} In October 2019, Father responded to the adoption petition for the first time by filing a handwritten letter with the probate court objecting to the proceedings and obtaining counsel.

{¶ 6} Father now appeals from the probate court's decision, raising two

assignments of error for our review. For the ease of discussion, we will address Father's assignments of error out of order.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE PETITION FOR ADOPTION IS INVALID ON ITS FACE AND SHOULD BE STRICKEN WHERE THERE IS NOT "GOOD GROUND TO SUPPORT" AN ALLEGATION THAT A PARENT HAS NOT HAD MORE THAN DE-MINIMIS CONTACT WITH THE CHILD SUBJECT TO AN ADOPTION PETITION.

{¶ 9} Father argues the petition for adoption is invalid because Father was "untruly and inaccurately alleged to have not maintained more than de minimis contact" with A.M.G.H. even though there was no "good ground to support" such an allegation. As such, Father contends that if Maternal Grandparents had accurately alleged in their petition that Father's consent was required, he would not have been subject to the 14-day procedural requirement set forth in R.C. 3107.07(K). We find no merit to Father's claims.

{¶ 10} The right of natural parents to the care and custody of their child is one of the most precious and fundamental in law. *In re A.N.L.,* 12th Dist. Warren Nos. CA2004-11-131 and CA2005-04-046, 2005-Ohio-4239, ¶ 50. See also *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S. Ct. 1388, 1394 (1982). That right, however, must be balanced against the state's interest in protecting the welfare of children. *Id.* at ¶ 50; *In re adoption of Zschach*, 75 Ohio St. 3d 648, 651 (1996).

{¶ 11} In Ohio, certain persons and entities must consent to an adoption. R.C. 3107.06. These persons include the mother, father, and any putative father of the child. *Id.* However, exceptions to the consent requirement exist. R.C. 3107.07. As applicable to this case, these exceptions include a person whose consent is required who fails to file an objection to the adoption petition within 14 days of proof of service. R.C. 3107.07(K). Specifically:

Consent to adoption is not required of any of the following:

* * *

(K) * * * a person given notice of the petition pursuant to division (A)(1) of section 3107.11 of the Revised Code that fails to file an objection to the petition within fourteen days after proof is filed pursuant to division (B) of that section that the notice was given[.]

R.C. 3107.07(K). This exception applies to all persons and entities whose consent to the petition is required, regardless of their status as parent, putative father, agency, or juvenile court. To implicate R.C. 3107.07(K), the notice must clearly inform the recipient that he is required to file an objection to the petition within 14 days. See *In re Adoption of Baby F.*, 10th Dist. Franklin Nos. 03AP-1092 and 03AP-1132, 2004-Ohio-1871, ¶ 17-18.

{¶ 12} In this case, on June 14, 2019, Maternal Grandparents filed the adoption petition alleging that Father had not maintained more than de minimis contact with A.M.G.H. in the previous year. On June 21, 2019, Father received notice of the petition to adopt by certified mail. The notice informed Father that Maternal Grandparents had filed the petition and that a hearing was scheduled on August 26, 2019. The notice further contained the following language, set apart in all capital letters and bolded, at the bottom of the notice:

A final decree of adoption, if granted, will relieve you of all parental rights and responsibilities, including the right to contact the minor[.] * * * If you wish to contest the adoption, you must file an objection to the petition within fourteen days after proof of service of notice of the filing of the petition and of the time and place of the hearing is given to you.

The notice also indicated, "If you wish to contest the adoption, you must also appear at the hearing."

{¶ 13} Father does not dispute that he received proper notice of the petition. Rather, Father claims he should not be held to the requirements of R.C. 3107.07(K) because Maternal Grandparents falsely accused him of failing to maintain sufficient contact with

- 4 -

A.M.G.H. Contrary to Father's claims, he was subjected to the requirements of R.C. 3107.07(K) because he is a person whose consent would be required for the adoption to take place, not because Maternal Grandparents alleged he maintained insufficient contact with the child. The record reflects Father was timely informed that he needed to file an objection within 14 days of receiving notice of the petition and that, if he wished to contest the adoption, he needed to attend the hearing. Despite receiving notice, the record indicates Father did not attend the hearing and failed to respond, object, or otherwise contest the petition until October 2019, after the probate court had determined his consent was no longer required.

{¶ 14} The notice informed Father as to the claims against him, namely, that he was a person who had failed without justifiable cause to provide more than de minimis contact with the minor for a period of one year. Regardless of Father's belief that his contact with A.M.G.H. surpassed the de minimis standard, the notice clearly informed Father that he was required to raise any objection to the petition within 14 days of service, which he failed to do. Father chose to take no action to contest the petition, and as a consequence, his consent is not required pursuant to R.C. 3107.07(K).

{¶ 15} As the Ohio Supreme Court has acknowledged, "strict adherence to the procedural mandates of [R.C. 3107.07(K)] might appear unfair," but "the state's interest in facilitating the adoption of children and having the adoption proceeding completed expeditiously justifies such a rigid application." *In re Zschach*, 75 Ohio St. 3d at 653. Ohio's adoption laws were amended in 1996 "to streamline the adoption process and to reduce the time needed to finalize an adoption." *In re T.L.S.*, 2012-Ohio-3129 at ¶ 10, citing *In re Adoption of P.A.C.*, 126 Ohio St.3d 236, 2010-Ohio-3351, ¶ 56 (Cupp, J., dissenting). One objective for these amendments was to "prevent children from being forcibly removed from their adoptive families after a biological father belatedly exercised parental rights." *Id.* at ¶

24. These amendments included the addition of R.C. 3107.07(K). *Id.* at ¶ 10. It is not the role of this court to second-guess the legislature's policy decisions. *In re Adoption of A.N.*, 3rd Dist. Union No. 14-12-27, 2013-Ohio-3871, ¶ 42, citing *Matter of Apple*, 2d Dist. Miami No. 93-CA-59, 1994 Ohio App. LEXIS 4159, *7 (Sept. 21, 1994) ("It is wholly inappropriate for this court to rewrite the adoption laws of Ohio on grounds of policy considerations. The legislature is the proper arena for thrashing out policy considerations such as are involved in the sensitive area of adoptions").

{¶ 16} Accordingly, we find the trial court did not err in concluding that Father's consent to the adoption is not required because he failed to timely object after receiving notice of the adoption petition. As a result, Father's second assignment of error is overruled.

{¶ 17} Assignment of Error No. 1:

{¶ 18} R.C. 3107.07(K) IS UNCONSTITUTIONAL AS APPLIED WHERE APPELLANT HAD A LONG-TERM PARENTAL RELATIONSHIP AND NOT JUST A BIOLOGICAL CONNECTION TO THE CHILD SUBJECT TO THE PETITION FOR ADOPTION.

{¶ 19} In Father's remaining assignment of error, he alleges that R.C. 3107.07(K) is unconstitutional as applied in this case because "it is offensive to notions of Due Process and fairness to terminate a nine-year parent/child relationship" based upon a procedural requirement.

{¶ 20} It is well settled that the "'[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.'" *Hamilton v. Ebbing*, 12th Dist. Butler No. CA2008-06-135, 2009-Ohio-3674, ¶ 73, quoting *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus. Therefore, since Father failed to challenge the constitutionality of

- 6 -

R.C. 3107.07(K) in the probate court, we find that issue is waived and we decline to address it for the first time on appeal. *See Lay v. Chamberlain*, 12th Dist. Madison No. CA99-11-030, 2000 Ohio App. LEXIS 5783, *28 (Dec. 11, 2000) (appellants waived their argument regarding a statute's constitutionality by failing to raise that issue before the trial court); *see also McGuinness v. Hooper*, 2d Dist. Montgomery No. 16551, 1998 Ohio App. LEXIS 359, *6 (Feb. 6, 1998) ("It is axiomatic that failure to raise a constitutional issue in the trial court constitutes a waiver of that issue").

{¶ 21} Accordingly, we overrule Father's first assignment of error.

{¶ 22} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.