[Cite as *In re M.A.S.*, 2020-Ohio-3603.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| IN RE: | : | |
| M.A.S. | : | CASE NO. CA2020-03-005 |
| | : | O P I N I O N<br>7/6/2020 |
| | : | |
| | : | |
| | : | |

APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 20195016

Stephan & Stephan Law Group, LLC, Stephanie Stephan, April Moore, 1354 North Monroe Drive, Suite B, Xenia, Ohio 45385, for appellees

CiceroAdams, LLC, Adam H. Krumholz, 100 North Detroit Street, Xenia, Ohio 45385, for appellant

**HENDRICKSON, P.J.**

{¶1}   Appellant, the biological father of M.A.S. ("Father"), appeals from the decision of the Clinton County Court of Common Pleas, Probate Division, finding that his consent is not required for the adoption of the child by her maternal grandparents ("Maternal

Grandparents").[1]  For the reasons outlined below, we affirm the decision of the probate court.

{¶2}    The child involved in this case, M.A.S., was born on March 8, 2018 and was placed in Maternal Grandparents' care in April 2018.  On August 29, 2018, the Greene County Court of Common Pleas, Probate Division, granted legal custody of M.A.S. to Maternal Grandparents.  In that decision, the Greene County Probate Court indicated M.A.S. could not be placed with Father because he was under indictment, but awarded Father parenting time at the Green County Visitation Center, level one, for one hour.  The decision further stated that Father was subject to a child support order.

{¶3}    On June 12, 2019, Maternal Grandparents filed a petition to adopt the child. M.A.S.'s mother consented to the adoption and documentation evidencing her consent was attached to the petition.  The petition further claimed that Father's consent was not required because he had failed without justifiable cause to provide more than de minimis contact with M.A.S. for a period of at least one year immediately preceding the filing of the petition and because Father had failed without justifiable cause to provide for the maintenance and support of M.A.S. as required by law or judicial decree for a period of at least one year immediately preceding the filing of the petition.

{¶4}    On August 6, 2019, the probate court served Father, who was in prison at the time, with notice of Maternal Grandparents' petition and the date of the adoption hearing. After receiving notice, Father did not immediately respond or object to the petition.

{¶5}    On December 26, 2019, counsel for Father filed a notice of appearance with the probate court, as well as a Memorandum in Opposition to Petition for Adoption.  In his opposition, Father argued the probate court should deny Maternal Grandparents' petition

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.

because he had maintained sufficient contact with M.A.S. during the relevant period, and had made consistent child support payments since December 2018. On December 30, 2019, Maternal Grandparents filed a response to Father's opposition. In their response, Maternal Grandparents argued that the probate court should deny Father's objections to the adoption petition, as they were filed well outside the 14-day objection period set forth in R.C. 3107.11, and therefore, Father's consent to the adoption was not required. Father filed a reply to Maternal Grandparents' response, and indicated that although Father was served in prison in August 2019, his counsel was unable to obtain a copy of the petition in order to file any objection on Father's behalf. Father further argued his counsel needed time to acquire documentation evidencing Father's contact and support with M.A.S. over the preceding year.

{¶6} On February 27, 2020, the probate court issued an entry, wherein it found that when considering R.C. 3107.11 and 3107.07, Father needed to file his objections within 14 days of receiving notice of the hearing. Because Father failed to do so, the probate court ordered the adoption to proceed and that Father's consent was not necessary under Ohio law.

{¶7} Father now appeals from the probate court's decision, raising two assignments of error for our review. For the ease of discussion, we will address Father's assignments of error together.

{¶8} Assignment of Error No. 1:

{¶9} THE TRIAL COURT ERRED TO THE PREJUDICE OF FATHER BY DENYING HIS OBJECTIONS TO THE ADOPTION OF THE ABOVE CAPTIONED MINOR CHILD ON THE BASIS OF TIMELINESS.

{¶10} Assignment of Error No. 2:

{¶11} THE TRIAL COURT ERRED TO THE PREJUDICE OF FATHER BY FAILING

TO CONSIDER HIS OBJECTIONS PURSUANT TO R.C. 3107.07 TO THE ADOPTION OF THE ABOVE CAPTIONED MINOR CHILD.

{¶12} Father argues the probate court erred in allowing the adoption to proceed without his consent solely based upon the timeliness of his objections. Father claims such conduct is "fundamentally improper and ignores a parent's fundamental liberty interest in the care, custody, and management of their children." As a result, Father contends the trial court improperly failed to consider his objections, which argued his consent to the adoption was required. We find no merit to Father's claims.

{¶13} The right of natural parents to the care and custody of their child is one of the most precious and fundamental in law. *In re A.N.L.*, 12th Dist. Warren Nos. CA2004-11-131 and CA2005-04-046, 2005-Ohio-4239, ¶ 50. See also *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S. Ct. 1388 (1982). That right, however, must be balanced against the state's interest in protecting the welfare of children. *Id.* at ¶ 50; *In re Zschach*, 75 Ohio St. 3d 648, 651 (1996).

{¶14} In Ohio, certain persons and entities must consent to an adoption. R.C. 3107.06. These persons include the mother, father, and any putative father of the child. *Id.* However, exceptions to the consent requirement exist. R.C. 3107.07. As applicable to this case, these exceptions include a person whose consent is required who fails to file an objection to the adoption petition within 14 days of proof of service. R.C. 3107.07(K). Specifically:

{¶15} Consent to adoption is not required of any of the following: * * *

(K) * * * a person given notice of the petition pursuant to division (A)(1) of section 3107.11 of the Revised Code that fails to file an objection to the petition within fourteen days after proof is filed pursuant to division (B) of that section that the notice was given[.]

R.C. 3107.07(K). This exception applies to all persons and entities whose consent to the

petition is required, regardless of their status as parent, putative father, agency, or juvenile court. To implicate R.C. 3107.07(K), the notice must clearly inform the recipient that he is required to file an objection to the petition within 14 days. See *In re Adoption of Baby F.*, 10th Dist. Franklin Nos. 03AP-1092 and 03AP-1132, 2004-Ohio-1871, ¶ 17-18.

{¶16} In this case, on June 12, 2019, Maternal Grandparents filed the adoption petition alleging that Father had failed to maintain more than de minimis contact with M.A.S. in the previous year and that Father had not provided for the maintenance and support of M.A.S. in the previous year. On August 6, 2019, Father received notice of the petition to adopt by certified mail. The notice informed Father that Maternal Grandparents had filed the petition and that a hearing was scheduled on January 22, 2020. The notice further contained the following language, set apart in all capital letters and bolded at the bottom of the notice:

> A final decree of adoption, if granted, will relieve you of all parental rights and responsibilities, including the right to contact the minor[.] * * * If you wish to contest the adoption, you must file an objection to the petition within fourteen days after proof of service of notice of the filing of the petition and of the time and place of hearing is given to you. If you wish to contest the adoption, you must also appear at the hearing. A final decree of adoption may be entered if you fail to file an objection to the adoption petition or appear at the hearing.

{¶17} Father does not dispute that he received proper notice of the petition, as he candidly admits that he was properly served on August 6, 2019. Rather, Father claims he should not be held to the requirements of R.C. 3107.07(K) because "numerous difficulties arose as to even obtain the Petition for Adoption in order to object to the same[,]" and that the probate court should have considered his objections, even if they were untimely. With regard to the "difficulties" Father's counsel faced in obtaining the adoption petition, the record reflects that at some point after Father was served in prison, his counsel attempted

to obtain a copy of the petition in order to object on Father's behalf. The efforts undertaken by Father's counsel, via his counsel's paralegal, are evidenced in the affidavit of Natalie Janostak. In her affidavit, Janostak states that she contacted the prison via telephone twice; emailed the prison twice; spoke with Father's case manager at the prison; called the probate court; and contacted Father's mother. Ultimately, Janostak obtained images of the Notice of Hearing on Petition for Adoption from Father's mother. Although neither the affidavit, nor the record, indicates when Janostak made the above efforts to obtain the adoption petition, Father indicates in his brief on appeal that counsel received a copy of the petition in October 2019, two months after Father was served. In light of these efforts, Father argues that his failure to respond or otherwise object to the adoption petition should be excused.

{¶18} When considering the record, and the efforts set forth in Janostak's affidavit, we find no evidence that Father was prevented from objecting to the petition within the 14-day period set forth in R.C. 3107.11(A)(1) and 3107.07(K). Rather, the record reflects Father was timely informed that he needed to file an objection within 14 days of receiving notice of the petition and that if he failed to object, a final decree of adoption could be entered. The notice clearly informed Father as to the claims against him, namely, that his consent was not required because he was a person who had failed without justifiable cause to provide more than de minimis contact with M.A.S. for a period of one year, and that he had failed to provide for the maintenance and support of M.A.S. for the same period. According to Father, these claims are baseless and "patently false." However, despite receiving notice, and maintaining the position that the petition's claims were unfounded and that his consent was required, Father did not respond, object, or otherwise contest the petition until December 2019, nearly four months after he had received notice of the petition and Maternal Grandparents' claims against him. Although Father argues his counsel could not obtain the petition in time to assert his objections, the record does not reflect when

Father obtained counsel or when counsel began his attempts to retrieve a copy of the petition. Rather, the record merely shows that Father's counsel appeared in the case in December 2019, the same day Father objected to the proceedings. Thus, there is no evidence in the record that Father himself was prevented from objecting or responding to the petition prior to that time or that he could not ask the probate court for an extension of the 14-day deadline. However, even assuming arguendo that the 14-day period began in October 2019, when Father's counsel allegedly received a copy of the petition, Father's December 2019 opposition remains well outside the 14-day period. As a result, because Father failed to raise any objection to the petition within 14 days of service, his consent is not required pursuant to R.C. 3107.07(K).

{¶19} Father also argues that because the trial court refused to consider his objections, he was prejudiced. Specifically, Father claims that the probate court's decision to allow the adoption to proceed on the basis that his consent was not required, Maternal Grandparents circumvented their burden to prove by clear and convincing evidence that Father failed to maintain more than de minimis contact with M.A.S. in the previous year and to provide for M.A.S.'s maintenance and support.

{¶20} As explained above, due to Father's status as M.A.S.'s biological father, his consent would typically be required in order for the adoption to proceed. R.C. 3107.06(B). However, there are several exceptions defined in the Revised Code where a biological father's consent is no longer necessary. R.C. 3107.07(A)-(K). In the adoption petition, Maternal Grandparents alleged that Father's consent to the adoption was not required pursuant to R.C. 3107.07(A), which states consent is not required of

> [a] parent of a minor, when it is alleged in the adoption petition
> and the court, after proper service of notice and hearing, finds
> by clear and convincing evidence that the parent has failed
> without justifiable cause to provide more than de minimis
> contact with the minor or to provide for the maintenance and

support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

{¶21} In light of the petition's allegations, Father argues Maternal Grandparents were required to prove, by clear and convincing evidence, that his conduct satisfied R.C. 3107.07(A). However, as discussed above, the probate court determined Father's consent was not required because he failed to timely file an objection to the petition pursuant to R.C. 3107.07(K). Therefore, a determination regarding Maternal Grandparents' allegations pursuant to R.C. 3107.07(A) was unwarranted. Specifically, because Father's consent was not necessary according to R.C. 3107.07(K), Maternal Grandparents were not required to prove that Father's consent was also unnecessary due to his lack of contact with or support of M.A.S. as described in R.C. 3107.07(A). As such, because Maternal Grandparents were not required to prove that Father's consent was unnecessary due to insufficient contact with M.A.S. or that he failed to adequately support the child, the probate court did not err in declining to address Father's objections pertaining to those allegations and allowing the adoption to proceed without his consent.

{¶22} Lastly, we reject Father's argument that the probate court should have excused his untimely objections because no harm would be caused to Maternal Grandparents or M.A.S. if he "were to prevail." As the Ohio Supreme Court has acknowledged, "strict adherence to the procedural mandates of [R.C. 3107.07(K)] might appear unfair," but "the state's interest in facilitating the adoption of children and having the adoption proceeding completed expeditiously justifies such a rigid application." *In re Zschach*, 75 Ohio St. 3d at 653; see also *In re A.M.G.H.*, 12th Dist. Clermont No. CA2019-10-079, 2020-Ohio-534, ¶ 15. Ohio's adoption laws were amended in 1996 "to streamline the adoption process and to reduce the time needed to finalize an adoption." *In re T.L.S.*,

12th Dist. Fayette No. CA2012-02-005, 2012-Ohio-3129, ¶ 10, citing *In re P.A.C.*, 126 Ohio St.3d 236, 2010-Ohio-3351, ¶ 56 (Cupp, J., dissenting). One objective for these amendments was to "prevent children from being forcibly removed from their adoptive families after a biological father belatedly exercised parental rights." *Id.* at ¶ 24. These amendments included the addition of R.C. 3107.07(K). *Id.* at ¶ 10. It is not the role of this court to second-guess the legislature's policy decisions. *In re A.N.*, 3rd Dist. Union No. 14-12-27, 2013-Ohio-3871, ¶ 42, citing *Matter of Apple*, 2d Dist. Miami No. 93-CA-59, 1994 Ohio App. LEXIS 4159, *19 (Sept. 21, 1994) ("It is wholly inappropriate for this court to rewrite the adoption laws of Ohio on grounds of policy considerations. The legislature is the proper arena for thrashing out policy considerations such as are involved in the sensitive area of adoptions").

{¶23} Accordingly, we find the probate court did not err in concluding that Father's consent to the adoption is not required because he failed to timely object after receiving notice of the adoption petition. Consequently, we find no error in allowing the adoption proceedings to continue without Father's consent. Finding no merit to Father's claims, we overrule his first and second assignments of error.

{¶24} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.