[Cite as *In re Adoption of M.L.*, 2021-Ohio-2805.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

IN RE: THE ADOPTION OF:

   M.L.

[SIDNEY S. - APPELLANT]

CASE NO. 17-21-05

**O P I N I O N**

Appeal from Shelby County Common Pleas Court
Probate Division

Trial Court No. 2020 ADP 0021

**Judgment Affirmed**

Date of Decision: August 16, 2021

APPEARANCES:

   *Jared B. Chamberlain* **for Appellant**

   *Aaron D. Lowe* **for Appellee**

**MILLER, J.**

{¶1} Respondent-appellant, Sidney S., appeals the February 26, 2021 decision of the Shelby County Court of Common Pleas, Probate Division, granting the motion for summary judgment of petitioner-appellee, Tiffany L. In its decision, the trial court concluded Tiffany is not required to obtain Sidney's consent in order to adopt Sidney's daughter, M.S. (hereinafter referred to as M.L.). For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶2} M.L. is the biological daughter of Sidney and Amy Y. Upon her birth in late 2017, M.L. was found to have multiple illegal drugs in her system. M.L. was consequently removed from Sidney and Amy's custody. Following her removal, M.L. was adjudicated neglected and dependent and placed in the temporary custody of Tiffany. Tiffany served as M.L.'s temporary custodian until July 2019, at which time M.L. was placed in Tiffany's legal custody.

{¶3} On September 29, 2020, Tiffany filed a petition for adoption of M.L. In the petition, Tiffany alleged that Sidney's consent to adoption is not required because (1) he failed without justifiable cause to provide more than de minimis contact with M.L. for a period of at least one year immediately preceding the filing of the petition and (2) he failed without justifiable cause to provide for the maintenance and support of M.L. as required by law or judicial decree for a period

of at least one year immediately preceding the filing of the petition. On October 7, 2020, Amy's written consent to the adoption of M.L. was filed in the trial court.

{¶4} On November 9, 2020, the trial court set a date for a hearing on the petition for adoption. That same day, the trial court sent Sidney a notice of the petition and hearing via certified mail. As required by R.C. 3107.11(B), the notice advised Sidney:

> **IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST FILE AN OBJECTION TO THE PETITION WITHIN FOURTEEN DAYS AFTER PROOF OF SERVICE OF NOTICE OF THE FILING OF THE PETITION AND OF THE TIME AND PLACE OF HEARING IS GIVEN TO YOU. * * * A FINAL DECREE OF ADOPTION MAY BE ENTERED IF YOU FAIL TO FILE AN OBJECTION TO THE ADOPTION PETITION * * *.**

(Capitalization and boldface sic.). Sidney was served with the notice on November 13, 2020, and proof of service of notice was filed with the trial court on November 16, 2020. On December 14, 2020, Sidney filed his objection to the petition for adoption.

{¶5} On January 15, 2021, Tiffany filed a motion for summary judgment on the issue of whether it is necessary to obtain Sidney's consent to the adoption. Tiffany's motion for summary judgment was based on R.C. 3107.07(K), which provides that "[c]onsent to adoption is not required of * * * a juvenile court, agency, or person given notice of the petition * * * that fails to file an objection to the petition within fourteen days after proof is filed * * * that the notice was given." Tiffany

asserted that because proof of service of notice to Sidney was filed with the trial court on November 16, 2020, Sidney was required under R.C. 3107.07(K) to file his objection to the petition on or before November 30, 2020. Tiffany argued that because Sidney missed the November 30, 2020 deadline by two weeks when he filed his objection on December 14, 2020, his consent to adoption is not required.

{¶6} On February 12, 2021, Sidney filed a memorandum in opposition to Tiffany's motion for summary judgment. Among the evidence Sidney submitted in opposition to Tiffany's motion for summary judgment, he filed an affidavit setting forth his account of the efforts he took to object to the petition before the expiration of the 14-day deadline. On February 19, 2021, Tiffany filed a reply brief in support of her motion for summary judgment.

{¶7} On February 26, 2021, the trial court granted Tiffany's motion for summary judgment. In its judgment entry, the trial court explained that "[t]he application and strict construction of [R.C. 3107.07(K)] has been consistently upheld * * *." The trial court found that Sidney's "narratives and proposed facts regarding the reason he should be excused from strict compliance with [the 14-day deadline imposed by R.C. 3107.07(K)]" were insufficient to raise genuine issues of material fact. Accordingly, the trial court concluded Sidney's consent to adoption is not necessary.

{¶8} On March 8, 2021, Sidney timely filed a notice of appeal. He raises one assignment of error for our review.

## II. Assignment of Error

**1. The trial court erred in granting summary judgment to petitioner where strict construction of R.C. § 3107.07(K) in this case reaches an unjust and unreasonable result.**

## III. Discussion

{¶9} In his assignment of error, Sidney argues the trial court erred by granting Tiffany's motion for summary judgment. Sidney contends that, given the unique facts and circumstances of this case, the trial court's strict application of R.C. 3107.07(K)'s 14-day filing deadline to "deny[] his objection [was] unjust and unreasonable considering he has done all he can to protect his rights to have a relationship" with M.L.

## A. Standard of Review for Summary Judgment

{¶10} We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). "De novo review is independent and without deference to the trial court's determination." *ISHA, Inc. v. Risser*, 3d Dist. Allen No. 1-12-47, 2013-Ohio-2149, ¶ 25.

{¶11} Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor

of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994). Material facts are those facts "'that might affect the outcome of the suit under the governing law.'" *Turner v. Turner*, 67 Ohio St.3d 337, 340 (1993), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986). "Whether a genuine issue exists is answered by the following inquiry: [d]oes the evidence present 'a sufficient disagreement to require submission to a jury' or is it 'so one-sided that one party must prevail as a matter of law[?]'" *Id.*, quoting *Anderson* at 251-252.

{¶12} "The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact." *Carnes v. Siferd*, 3d Dist. Allen No. 1-10-88, 2011-Ohio-4467, ¶ 13, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). "In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument." *Id.*, citing *Dresher* at 292. "The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings." *Id.*, citing *Dresher* at 292 and Civ.R. 56(E).

**B. Parental Rights and Consent to Adoption**

{¶13} "The right of natural parents to the care and custody of their child is one of the most precious and fundamental in law." *In re M.A.S.*, 12th Dist. Clinton No. CA2020-03-005, 2020-Ohio-3603, ¶ 13. "That right, however, must be balanced against the state's interest in protecting the welfare of children." *Id.*

{¶14} "In Ohio, certain persons and entities must consent to an adoption." *Id.* at ¶ 14, citing R.C. 3107.06. "These persons include the mother, father, and any putative father of the child." *Id.*, citing R.C. 3107.06. "However, exceptions to the consent requirement exist." *Id.*, citing R.C. 3107.07. "As applicable to this case, these exceptions include a person whose consent is required who fails to file an objection to the adoption petition within 14 days of proof of service." *Id.*, citing R.C. 3107.07(K). "To implicate R.C. 3107.07(K), the notice must clearly inform the recipient that he is required to file an objection to the petition within 14 days." *Id.* at ¶ 15.

**C. The trial court did not err by granting the motion for summary judgment because, due to his untimely objection, Sidney's consent is not required.**

{¶15} The key facts relied on by Tiffany in support of her motion for summary judgment are not in question. It is undisputed that Sidney was served with notice of the petition and hearing on November 13, 2020, and that the notice clearly informed Sidney he was required to file an objection to the petition within 14 days. It is also undisputed that proof of service of notice was filed with the trial court on

November 16, 2020. Finally, it is uncontested that Sidney did not file his objection until December 14, 2020.

{¶16} On these facts, the summary-judgment analysis of R.C. 3107.07(K) is straightforward. Under R.C. 3107.07(K), the 14-day objection period begins when proof of service of notice is filed with the trial court. Here, that date was November 16, 2020. As a result, Sidney's objection was due on or before November 30, 2020. However, Sidney's objection was not filed until December 14, 2020, two weeks after expiration of the November 30, 2020 deadline.

{¶17} Although application of R.C. 3107.07(K) to the uncontested facts of this case would seem to lead inexorably to a conclusion that Sidney's consent to adoption is not required, Sidney argues otherwise. In his response to the motion for summary judgment, Sidney acknowledged his objection was not filed until December 14, 2020, but he maintains on appeal that his objection should nevertheless be considered timely because he "made every effort to timely file his objection to the adoption petition." In support of this claim, Sidney relies in large part on the following statements contained in his summary-judgment affidavit:

6. * * * [U]pon receiving a letter from [Tiffany's] counsel [on September 23, 2020,] requesting my consent, I immediately contacted his office [by phone] to advise I did not consent to the Adoption;

7. I was served the Petition for Adoption on November 13, 2020 and immediately began seeking legal advice;

Case No. 17-21-05

8. I learned that I must "file" an objection to the Petition within fourteen days, but did not know at that time what it meant to "file" the Objection;

9. I wrote a letter objecting to the Petition and had it notarized at the Bureau of Motor Vehicles on November 27, 2020, within the fourteen days, and I believed at that time I had satisfied the requirement to file the objection;

10. I sent my notarized objection to the Court the same day by regular U.S. Mail;

11. I believed my objection would arrive at the Court in the normal course of business;

12. I have since learned that my objection did not arrive by November 30 as required, and possibly that it never arrived;

13. I hired an attorney on December 9, 2020, and my attorney filed my objection when he entered his appearance on December 14, 2020[;]

14. At all times between November 27, 2020 and December 14, 2020, I believed I was in compliance with the requirement to timely file my objections;

15. At all times between receiving Petitioner's counsel's letter requesting my consent until now, I have objected to the Petition for Adoption and I continue to object[.]

Sidney argues that because these averments, along with the other evidence he submitted in opposition to Tiffany's motion for summary judgment, justify a more flexible application of R.C. 3107.07(K), there is a genuine issue of material fact concerning whether his objection was timely notwithstanding that it was not filed until December 14, 2020.

{¶18} Sidney's argument is unavailing. We recognize that "we must strictly construe [R.C. 3107.07] in favor of the retention of parental rights." *In re Adoption of B.I.*, 157 Ohio St.3d 29, 2019-Ohio-2450, ¶ 12. "Because adoption terminates fundamental rights of the natural parents, '[the Supreme Court of Ohio] [has] held that "* * * [a]ny exception to the requirement of parental consent [to adoption] must be strictly construed so as to protect the right of natural parents to raise and nurture their children."'" *In re Adoption of G.V.*, 126 Ohio St.3d 249, 2010-Ohio-3349, ¶ 6, quoting *In re Adoption of Masa*, 23 Ohio St.3d 163, 165 (1986), quoting *In re Schoeppner*, 46 Ohio St.2d 21, 24 (1976).

{¶19} Nevertheless, where the terms of a legislatively crafted exception to the requirement of parental consent to adoption are clear and unambiguous, we are constrained to apply the exception as written. *See State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 13 ("If [a statute] is ambiguous, we must then interpret the statute to determine the General Assembly's intent. If it is not ambiguous, then we need not interpret it; we must simply apply it."). R.C. 3107.07(K) is clear and unequivocal—consent to adoption is not required of a parent who fails to file an objection to the adoption petition within 14 days after proof of service of notice is filed with the trial court. It is no surprise then that this and other courts have consistently applied R.C. 3107.07(K) strictly to foreclose parents from withholding their consent to adoption where they failed to file an objection to the adoption

petition within the 14-day period prescribed by R.C. 3107.07(K). *E.g.*, *In re M.A.S.*, 2020-Ohio-3603, at ¶ 16-18, 22-23; *In re Adoption of A.B.*, 3d Dist. Logan No. 8-19-38, 2019-Ohio-5383, ¶ 31-37; *In re Adoption of A.N.*, 3d Dist. Union No. 14-12-27, 2013-Ohio-3871, ¶ 31-42. Indeed, courts have repeatedly explained that "'strict adherence to the procedural mandates of [R.C. 3107.07(K)] might appear unfair,' but 'the state's interest in facilitating the adoption of children and having the adoption proceeding completed expeditiously justifies such a rigid application.'" *In re M.A.S.* at ¶ 22, quoting *In re Adoption of Zschach*, 75 Ohio St.3d 648, 652 (1996); *see In re Adoption of A.N.* at ¶ 42 ("[W]e acknowledge that 'strict adherence to the procedural mandates of [R.C. 3107.07(K)] might appear unfair,' but that adherence is necessary given the intent of the legislature apparent from the statute's language.").

{¶20} Sidney maintains that those cases in which courts strictly applied R.C. 3107.07(K) are "entirely different from and inapposite to this case" because they typically "involved parents who either *never* objected or objected *months* out of time," whereas he filed his objection "just two weeks beyond the deadline." But R.C. 3107.07(K) does not distinguish between parents who barely missed the 14-day deadline, parents who filed their objection long after the 14-day deadline, and parents who never attempted to meet the 14-day deadline. Under the plain language

of R.C. 3107.07(K), the consequences of missing the 14-day deadline are the same for each set of parents.

{¶21} Sidney further argues that in light of his many efforts to object to the adoption petition, it would be "unjust and unreasonable" to strictly apply R.C. 3107.07(K) and hold that his December 14, 2020 objection was untimely. Sidney appears to invoke the "absurd-result" exception to the plain-meaning rule of statutory interpretation. "'The absurd result principle in statutory interpretation provides an exception to the rule that a statute should be interpreted according to its plain meaning.'" (Emphasis deleted.) *State ex rel. Clay v. Cuyahoga Cty. Med. Examiner's Office*, 152 Ohio St.3d 163, 2017-Ohio-8714, ¶ 22 (plurality opinion), quoting Dougherty, *Absurdity and the Limits of Literalism:  Defining the Absurd Result Principle in Statutory Interpretation*, 44 Am.U.L.Rev. 127 (1994). "It is premised on a guiding principle of statutory construction:  that when the General Assembly enacts a statute, it does not intend to produce an absurd result." *Id.*, citing R.C. 1.47(C); *see Chahdi v. Elhassan*, 10th Dist. Franklin No. 18AP-674, 2019-Ohio-4472, ¶ 21 ("[B]ecause the General Assembly intends just and reasonable results when enacting statutes, courts must * * * construe statutes to avoid unreasonable or absurd consequences.").

{¶22} However, "'[t]he absurd-result exception to the plain-meaning rule of [statutory] construction' applies 'only [to] those cases in which the plain language

of a statute results in an *obviously unintended result.*'" (Emphasis sic.) *State ex rel. Meyer v. Warren Cty. Bd. of Elections*, __ Ohio St.3d __, 2020-Ohio-4863, ¶ 14 (plurality opinion), quoting *State ex rel. Clay* at ¶ 26 (plurality opinion).

> Moreover, "even if the plain-language application of a statute would yield an absurd result, the absurdity doctrine does not permit a court to correct the absurdity unless it is 'reparable by changing or supplying a particular word or phrase whose inclusion or omission was obviously a technical or ministerial error * * *. The doctrine does not include substantive errors arising from a drafter's failure to appreciate the effect of certain provisions.'"

*Id.*, quoting *State v. Parker*, 157 Ohio St.3d 460, 2019-Ohio-3848, ¶ 28 (lead opinion), quoting Scalia & Garner, *Reading Law: The Interpretation of Legal Texts* 238 (2012).

**{¶23}** Here, strict application of R.C. 3107.07(K) to the facts of this case does not produce a result obviously unintended by the legislature. There is simply no basis for concluding that, when enacting R.C. 3107.07(K), the legislature obviously intended, but ultimately omitted, to carve out an exemption from the 14-day deadline for parents who earnestly, though unsuccessfully, attempt to timely file their objections. While Sidney may find the results of strict application undesirable, "the existence of an undesirable application of a statute is not necessarily evidence of absurdity." *State ex rel. Meyer* at ¶ 15 (plurality opinion). Sidney's grievance is with the legislative policy embodied in R.C. 3107.07(K) to allow only a 14-day objection period, but "[i]t is not the role of this Court to second

guess the legislature's policy decisions." *In re Adoption of A.N.*, 2013-Ohio-3871, at ¶ 42. We could consider Sidney's December 14, 2020 objection timely filed only if we adopt an interpretation of R.C. 3107.07(K) that conflicts with its plain meaning. Because we cannot endorse such an interpretation, we must conclude that Sidney's December 14, 2020 objection was not timely filed.

{¶24} In addition, Sidney's other attempts to object to the adoption petition do not qualify as objections filed within R.C. 3107.07(K)'s 14-day objection period. First, it is undisputed Sidney received a letter from Tiffany's counsel in September 2020, requesting Sidney's consent to the adoption and that Sidney immediately called Tiffany's counsel to orally advise him that he would not consent to the adoption. However, this occurred before Tiffany filed the petition for adoption. Even assuming that an out-of-court oral objection can serve as a "filing" under R.C. 3107.07(K), Sidney's oral objection was premature since the 14-day objection period had yet to commence. Therefore, as Tiffany accurately observes in her appellate brief, Sidney's oral objection "is a pre-filing event that d[id] not obviate his need to file a written objection."

{¶25} Furthermore, Sidney's attempt to object to the adoption petition by mailing his objection to the court on November 27, 2020, is insufficient to satisfy the requirements of R.C. 3107.07(K). "The 'generally accepted sense' of the word 'filed' 'implies actual rather than constructive delivery * * * into the official custody

-14-

and control' of the relevant official." *L.J. Smith, Inc. v. Harrison Cty. Bd. of Revision*, 140 Ohio St.3d 114, 2014-Ohio-2872, ¶ 21, quoting *Fulton v. State ex rel. Gen. Motors Corp.*, 130 Ohio St. 494, 497 (1936). "Statutes that provide for filing documents require physical delivery to the official or agency, unless the statute at issue states a mailbox rule that deems the [document] filed when mailed." *Id.* at ¶ 22. R.C. 3107.07(K) does not state a mailbox rule deeming an objection to an adoption petition filed when mailed. Consequently, Sidney's mailed objection would not have been considered filed until it was delivered into the physical custody of the relevant official, who, in this instance, was the clerk of the court. Yet, as Sidney conceded in his summary-judgment affidavit, his objection did not arrive by the November 30, 2020 deadline and may never have arrived. Thus, as there is no evidence that Sidney's mailed objection came into the physical possession of the clerk on or before November 30, 2020, Sidney cannot rely on his mailed objection to establish that he filed an objection before expiration of the 14-day deadline.

{¶26} In conclusion, construing the evidence in a light favorable to Sidney, there is no genuine issue of material fact that Sidney did not timely file his objection to Tiffany's petition to adopt M.L. Under a strict application of R.C. 3107.07(K), none of Sidney's efforts, including his oral objection in September 2020, his mailed objection to the petition, and his December 14, 2020 objection, constitutes a timely objection filed within the 14-day objection period that expired on November 30,

2020. Accordingly, pursuant to R.C. 3107.07(K), Sidney's consent to adoption is not required as a matter of law, and we thus conclude that the trial court did not err by granting Tiffany's motion for summary judgment.

{¶27} Sidney's assignment of error is overruled.

### IV. Conclusion

{¶28} For the foregoing reasons, Sidney's assignment of error is overruled. Having found no error prejudicial to the appellant in the particulars assigned and argued, we affirm the judgment of the Shelby County Court of Common Pleas, Probate Division.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**