# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

IN RE:  THE ADOPTION OF:

B.M.S.,

[SAMANTHA S. - APPELLANT]

CASE NO. 11-21-06


O P I N I O N

Appeal from Paulding County Common Pleas Court
Probate Division
Trial Court No. 20215007

Judgment Affirmed

Date of Decision:  April 4, 2022


APPEARANCES:

*Ian A. Weber* for Appellant

*Shane M. Lee* for Appellee

**ZIMMERMAN, P.J.**

{¶1} Appellant, Samantha S. ("Samantha"), appeals the judgment of the Paulding County Probate Court finding that she failed to timely object to the petition to adopt B.M.S. filed by Appellee, Evelyn L. S. ("Evelyn"). For the reasons that follow, we affirm.

{¶2} Samantha is the biological mother of B.M.S. and Evelyn is the maternal grandmother of B.M.S. On May 3, 2021, Evelyn filed a petition to adopt B.M.S. in the trial court. Samantha was sent notice of hearing on petition for adoption (Form 18.2) on May 10, 2021, and proof of service of that notice was filed in the trial court on May 15, 2021. A hearing on the petition was scheduled for July 12, 2021 by the trial court.

{¶3} On May 17, 2021, Samantha filed a financial disclosure form with the trial court for the purpose of determining her eligibility for court-appointed counsel. Thereafter, on May 21, 2021, the trial court appointed counsel for Samantha.

{¶4} On June 23, 2021, the trial court issued an order converting the July 12, 2021 adoption hearing to a pre-trial conference and continued the final adoption hearing until August 19, 2021.

{¶5} On August 19, 2021, Evelyn and Samantha appeared in the trial court for the adoption hearing. However, prior to the commencement of the hearing, Evelyn requested that the trial court determine that Samantha's consent (to the

adoption) was not necessary due to her failure to timely file an objection to the petition pursuant to R.C. 3107.11. The trial court scheduled a briefing schedule for the parties on the issue and vacated the adoption hearing.

{¶6} On October 19, 2021, the trial court issued its order determining that Samantha's consent to the adoption of B.M.S. was not required due to her failure to timely object to Evelyn's petition.

{¶7} Samantha timely appeals and raises one assignment of error for our review.

### Assignment of Error

**The Trial Court improperly found that the biological mother requesting Court Appointed Counsel was not a valid objection pursuant to R.C. 3017.07(K) [sic].**

{¶8} In her sole assignment of error, Samantha argues that the trial court erred by determining that her consent to the adoption is not required. Specifically, Samantha argues that the trial court erred by determining that her request for court-appointed counsel (i.e., her submission of a financial disclosure form) does not constitute a *valid*, and thus, *timely* objection to Evelyn's adoption petition under R.C. 3107.07(K).

### *Standard of Review*

{¶9} Samantha's sole assignment of error challenges the trial court's interpretation and application of R.C. 3107.07. "We review a trial court's

interpretation and application of a statute under a de novo standard of review." *In re Adoption of A.N.*, 3d Dist. Union No. 14-12-27, 2013-Ohio-3871, ¶ 20, quoting *In re Adoption of R.M.P.*, 11th Dist. Trumbull Nos. 2011-T-0041 and 2011-T-0042, 2011-Ohio-6841, ¶ 10, (citation omitted), and citing *In re Adoption of O.N.C.*, 3d Dist. Crawford No. 3-10-10, 2010-Ohio-5187, ¶ 11.

*Analysis*

**{¶10}** The sole issue before this court is whether or not the filing of Samantha's financial disclosure form in the trial court (necessary for the appointment of court-appointed counsel) on May 17, 2021 constituted an objection to Evelyn's petition to adopt B.M.S. under R.C. 3107.11.

**{¶11}** R.C. 3107.07(K) provides that a consent to adoption is not required by "a juvenile court, agency, or person given notice of the petition pursuant to division (A)(1) of section 3107.11 of the Revised Code that fails to file an objection to the petition within fourteen days after proof is filed pursuant to division (B) of that section that the notice was given".

**{¶12}** Here, the record supports that Samantha was served with notice of the adoption hearing by the trial court sometime after May 10, 2021 and prior to May 15, 2021. That notice included the following warning pursuant to R.C. 3107.11(B):

> Upon the filing of a petition for adoption that alleges that a parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support

of the minor, the clerk of courts shall send a notice to that parent with the following language in boldface type and in all capital letters:

**"A FINAL DECREE OF ADOPTION, IF GRANTED, WILL RELIEVE YOU OF ALL PARENTAL RIGHTS AND RESPONSIBILITIES, INCLUDING THE RIGHT TO CONTACT THE MINOR, AND, EXCEPT WITH RESPECT TO A SPOUSE OF THE ADOPTION PETITIONER AND RELATIVES OF THAT SPOUSE, TERMINATE ALL LEGAL RELATIONSHIPS BETWEEN THE MINOR AND YOU AND THE MINOR'S OTHER RELATIVES, SO THAT THE MINOR THEREAFTER IS A STRANGER TO YOU AND THE MINOR'S FORMER RELATIVES FOR ALL PURPOSES. IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST FILE AN OBJECTION TO THE PETITION WITHIN FOURTEEN DAYS AFTER PROOF OF SERVICE OF NOTICE OF THE FILING OF THE PETITION AND OF THE TIME AND PLACE OF HEARING IS GIVEN TO YOU. IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST ALSO APPEAR AT THE HEARING. A FINAL DECREE OF ADOPTION MAY BE ENTERED IF YOU FAIL TO FILE AN OBJECTION TO THE ADOPTION PETITION OR APPEAR AT THE HEARING."**

R.C. 3107.11(B) (Apr. 7, 2009 to Sept. 29, 2021) (current version at R.C. 3107.11(B) (Sept. 30, 2021)); (Doc. Nos. 12, 13, 16, 17). Further, the trial court also provided a separate notice of the right to counsel, which informed Samantha of how to receive the appointment of a court-appointed attorney. Hence, the trial court notified Samantha of her right to object to the petition and her right to have an attorney as required by law.

{¶13} The record is clear to us that the notice of objection and the notice of the right to counsel were separate and distinct notices involving two separate

procedures. Moreover, this court has previously determined that anything short of filing an objection does not constitute an objection under R.C. 3107.07(K). *See In re Adoption of M.L.*, 3d Dist. Shelby No. 17-21-05, 2021-Ohio-2805. Therefore, we conclude that Samantha's filing of her financial disclosure form in the trial court was *not* an objection to the petition for adoption, just a request for the appointment of an attorney pursuant to notice.

**{¶14}** Accordingly, Samantha's sole assignment of error is overruled.

**{¶15}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlr**