[Cite as *In re Adoption of A.M.M.*, 2022-Ohio-2719.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

IN RE:  THE ADOPTION OF:

    A.M.M.

[AUSTIN R. - APPELLANT]
[ALEXANDRIA R. - APPELLANT]

CASE NO.  5-22-03

O P I N I O N

IN RE:  THE ADOPTION OF:

    R.L.M.

[AUSTIN R. - APPELLANT]
[ALEXANDRIA R. - APPELLANT]

CASE NO.  5-22-04

O P I N I O N

**Appeals from Hancock County Common Pleas Court**
**Probate Division**
**Trial Court Nos. 2021 AD 0021 and 2021 AD 0022**

**Judgments Affirmed**

**Date of Decision:  August 8, 2022**

APPEARANCES:

    *Linda Gabriele* **for Appellants**

    *Garth W. Brown* **for Appellees**

**MILLER, J.**

{¶1} Respondents-appellants, Austin R. and Alexandria R., appeal the March 7, 2022 judgments of the Hancock County Court of Common Pleas, Probate Division, whereby the court concluded that petitioners-appellees, Joseph M. and Amy M., are not required to obtain Austin's and Alexandria's consents in order to adopt Austin and Alexandria's daughters, A.M.R. and R.L.R. (hereinafter referred to as A.M.M. and R.L.M.). For the reasons that follow, we affirm.

## I. Facts & Procedural History

{¶2} A.M.M. and R.L.M. are Austin and Alexandria's biological daughters. Austin and Alexandria are acquaintances of Joseph and Amy, with Joseph having known Austin since Austin was in high school. Following R.L.M.'s birth in early 2017, Austin and Alexandria began experiencing difficulties, and in November 2017, both children came to live with Joseph and Amy so that Austin and Alexandria could "get back on their feet." (Feb. 22, 2022 Tr. at 9). Thereafter, visitations between Austin, Alexandria, A.M.M., and R.L.M. became inconsistent and eventually tapered off. Joseph and Amy were awarded legal custody of A.M.M. and R.L.M. in May 2018.

{¶3} On October 13, 2021, Joseph and Amy filed petitions for the adoption of A.M.M. and R.L.M. Amended petitions were filed on November 3, 2021. On November 10, 2021, Austin and Alexandria appeared at the probate court and were

served with notices of the amended adoption petitions. The notices advised Austin and Alexandria:

> **IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST FILE AN OBJECTION TO THE PETITION WITHIN FOURTEEN DAYS AFTER PROOF OF SERVICE OF NOTICE OF THE FILING OF THE PETITION AND OF THE TIME AND PLACE OF HEARING IS GIVEN TO YOU. * * * A FINAL DECREE OF ADOPTION MAY BE ENTERED IF YOU FAIL TO FILE AN OBJECTION TO THE ADOPTION PETITION * * *.**

(Capitalization and boldface sic.). The notices were personally served on Austin and Alexandria by a deputy clerk of the probate court and proof of service of the notices was filed that same day. Austin and Alexandria did not file objections to the amended adoption petitions.

{¶4} On February 22, 2022, a hearing was held to address whether it was necessary to obtain Austin's and Alexandria's consents to the proposed adoptions. On March 7, 2022, the trial concluded that Austin's and Alexandria's consents are not required. Among the reasons cited by the trial court for its conclusion, the trial court determined that, pursuant to R.C. 3107.07(K), Austin and Alexandria's failure to file objections to the amended adoption petitions obviated the need for their consents.

## II. Assignment of Error

{¶5} On March 15, 2022, Austin and Alexandria timely filed notices of appeal. Austin and Alexandria's appeals were subsequently consolidated for

purposes of briefing and argument. They raise the following assignment of error for our review:

**The juvenile court erred in finding no parental consent necessary to adopt as the decision was an abuse of discretion and/or against the manifest weight of the evidence.**

### III. Discussion

{¶6} In their assignment of error, Austin and Alexandria argue that the trial court erred by determining that their consents to Joseph and Amy's adoption of A.M.M. and R.L.M. are not required. They maintain that "there is insufficient evidence that [they] received the appropriate notice and failed to timely object to the adoption."

**A. Parental Rights & Consent to Adoption**

{¶7} "The right of natural parents to the care and custody of their child is one of the most precious and fundamental in law." *In re M.A.S.*, 12th Dist. Clinton No. CA2020-03-005, 2020-Ohio-3603, ¶ 13. "That right, however, must be balanced against the state's interest in protecting the welfare of children." *Id.*

{¶8} "In Ohio, certain persons and entities must consent to an adoption." *Id.* at ¶ 14, citing R.C. 3107.06. "These persons include the mother, father, and any putative father of the child." *Id.*, citing R.C. 3107.06. "However, exceptions to the consent requirement exist." *Id.*, citing R.C. 3107.07. "As applicable to this case, these exceptions include a person whose consent is required who fails to file an

objection to the adoption petition within 14 days of proof of service." *Id.*, citing R.C. 3107.07(K). "To implicate R.C. 3107.07(K), the notice must clearly inform the recipient that he is required to file an objection to the petition within 14 days." *Id.* at ¶ 15.

**B. The trial court did not err by determining that Austin and Alexandria's consents are not required because they did not timely object to the amended adoption petitions.**

{¶9} Contrary to Austin and Alexandria's claims, it is clear from the record that they were served with notices of the amended adoption petitions on November 10, 2021. These notices clearly informed them that they were required to file objections to the petitions within 14 days. Furthermore, it is undisputed that proof of service of the notices was filed with the trial court on November 10, 2021.

{¶10} On these facts, the R.C. 3107.07(K) analysis is straightforward. Under R.C. 3107.07(K), the 14-day objection period begins when proof of service of notice is filed with the trial court. Here, that date was November 10, 2021. As a result, Austin and Alexandria's objections were due on or before November 24, 2021. However, there is no filing in the record that can be construed as an objection to the amended adoption petitions. The record reflects that Austin might have called the clerk's office on November 29, 2021, after the expiration of the 14-day objection period, to ask what he needed to do to contest the adoption. Nevertheless, even if Austin had contacted the clerk's office before the expiration of the 14-day objection

period, a mere verbal request for information cannot be considered a proper objection to an adoption petition, and this court has previously made clear that "anything short of filing an objection does not constitute an objection under R.C. 3107.07(K)." *In re Adoption of B.M.S.*, 3d Dist. Paulding No. 11-21-06, 2022-Ohio-1138, ¶ 13, citing *In re Adoption of M.L.*, 3d Dist. Shelby No. 17-21-05, 2021-Ohio-2805. Accordingly, pursuant to R.C. 3107.07(K), Austin's and Alexandria's consents to the adoptions are not required, and we conclude that the trial court did not err.

{¶11} Austin and Alexandria's assignment of error is overruled.

### IV. Conclusion

{¶12} For the foregoing reasons, Austin and Alexandria's assignment of error is overruled. Having found no error prejudicial to the appellants herein in the particulars assigned and argued, we affirm the judgments of the Hancock County Court of Common Pleas, Probate Division.

*Judgments Affirmed*

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**