[Cite as *In re Adoption of G.W.K.*, 2022-Ohio-2620.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

IN RE ADOPTION OF
    G.W.K.
    R.M.G.

C.A. Nos.    22AP0006
                22AP0007

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE Nos.    2021 PB-A 1106
                2021 PB-A 1107

DECISION AND JOURNAL ENTRY

Dated: August 1, 2022

---

TEODOSIO, Presiding Judge.

{¶1}    Appellant Mother appeals the judgment of the Wayne County Court of Common Pleas, Probate Division, that concluded that her consent to the adoption of two of her children was unnecessary because she failed to file timely objections to the Appellees-Petitioners' petitions for adoption of the children. This Court affirms.

I.

{¶2}    Mother and Father are the biological parents of five children who were subjects of dependency actions filed in 2019, in the Portage County Juvenile Court. After being adjudicated dependent, all five siblings were ultimately placed in the legal custody of various third parties. At issue in this appeal are the minors G.W.K. who was placed in the legal custody of Mr. and Mrs. K. ("Petitioners K."), and R.M.G. who was placed in the legal custody of Mr. and Mrs. G. ("Petitioners G.").

{¶3}  On September 15, 2021, Petitioners K. and Petitioners G. filed petitions for adoption of the respective child in each couple's legal custody.  Both petitions alleged that Mother's and Father's consent to the adoptions was not required because neither parent, without justifiable cause, had had more than de minimis contact with the children or provided for the children's maintenance and support for at least one year before the filing of the petitions.

{¶4}  On September 16, 2021, the probate court issued notices of the petitions and orders for hearings, scheduling the adoption petitions for hearings on October 26, 2021.  On September 17, 2021, the probate court filed a Notice of Hearing on Petition for Adoption for each parent in both children's cases and served Mother and Father by certified mail.  On Thursday, September 30, 2021, the clerk of court for the probate court docketed proof of service by certified mail of the hearing notices on both Mother and Father.

{¶5}  On October 18, 2021, Mother called the probate court to request the appointment of counsel.  She filed financial disclosure forms in each case the same day.  After finding that Mother met the requirements for court-appointed counsel, the probate court appointed an attorney to represent Mother in both cases.  The trial court further ordered that it was converting the October 26, 2021 hearing on the adoption petitions to a pretrial.  In the meantime, on October 20, 2021, Petitioners K. and Petitioners G. filed motions in their respective cases for findings that the parents' consent to the adoptions of the children was unnecessary "based on the failure of each of them to file an objection to the Petition[s] for Adoption within fourteen days of being served notice of the filing of said petition[s]."

{¶6}  On October 25, 2021, Mother filed motions for leave to file objections to the adoption petitions regarding G.W.K. and R.M.G.  She appended her objection to each motion.  As

grounds, she asserted that she had not failed without justifiable cause to have contact with the children or provide for their maintenance and support during the past year.

{¶7} On October 26, 2021, the probate court issued judgment entries in both cases, asserting that Mother, her attorney, Petitioners K. and Petitioners G., and their attorney appeared before the court that day for a pretrial. The judgments stated:

> The parties discussed the pending case and the pending motion[s] filed by the petitioners to find the consent of the child[ren]'s natural parents unnecessary. The Court will issue a ruling on the motion[s] by separate entry.

There is no transcript of that pretrial hearing in the record. On the same day, the probate court issued journal entries in both cases granting Mother leave to file her objections to the adoptions and noting that it found "good cause for granting the same."

{¶8} On November 8, 2021, the probate court issued its final judgment addressing both adoption cases. The trial court concluded that "neither biological parent's consent to the adoption[s] is required because both parents failed to timely object to the [ ] Petition[s] for Adoption of [G.W.K. and R.M.G.]" Mother filed timely appeals. She raises two assignments of error for review.

II.

## ASSIGNMENT OF ERROR I

THE IMPLEMENTATION OF [A] FOURTEEN DAY DEADLINE AS OUTLINED BY THE CURRENT LANGUAGE OF [R.C.] 3107.07(K)[ ] VIOLATES THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND DENIED THIS APPELLANT AND OTHER SIMILARLY SITUATED INDIVIDUALS EQUAL PROTECTION UNDER THE LAW AND FURTHER DENIES THEM THEIR DUE PROCESS RIGHTS TO BE HEARD REGARDING THEIR PARENTAL RIGHTS TO THEIR CHILDREN.

{¶9} Mother argues that the statutory time limit in R.C. 3107.07(K), in which a parent must file an objection to a petition for adoption of the parent's child within 14 days of notice of

the petition, is unconstitutional. Because Mother failed to raise the constitutional challenge below, she has forfeited the issue and this Court declines to address it.

{¶10} Although Mother filed untimely objections to the petitions for the adoptions of G.W.K. and R.M.G. on substantive grounds, she failed to argue that the statutory time limit was unconstitutional. It is well settled that "the failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at [that time], constitutes a [forfeiture] of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." (Internal quotations omitted.) *Akron v. Lewis*, 9th Dist. Summit No. 24236, 2008-Ohio-6256, ¶ 22, quoting *State v. Dent*, 9th Dist. Summit No. 23855, 2008-Ohio-660, ¶ 7, quoting *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus, limited by *In re M.D.*, 38 Ohio St.3d 149 (1988), syllabus (allowing, but not requiring, review for plain error or when interests may warrant). While this Court in our discretion may consider an argument asserting plain error, Mother has not made one. Because Mother has not argued plain error on appeal, we decline to consider it. *See In re J.C.*, 9th Dist. Summit Nos. 26229 and 26233, 2012-Ohio-3144, ¶ 10; App.R. 16(A)(7).

{¶11} Moreover, the probate court's November 3, 2021 judgment entry notes that "[t]he parties discussed [at the pretrial] the pending case[s] and the pending motion[s] filed by the petitioners to find the consent of the child[ren]'s natural parents unnecessary." The petitioners' motions argued that the parents' failures to file timely objections to the petitions rendered their consent unnecessary. The record contains neither a transcript nor an App.R. 9 statement of that pretrial hearing discussion. The appellant bears the duty of ensuring that the appellate record is complete, and in the absence of a complete record, this Court is compelled to presume regularity in the trial court's proceedings. *In re G.G.*, 9th Dist. Summit No. 29952, 2022-Ohio-1654, ¶ 15.

As the final judgment does not consider and determine the constitutionality of R.C. 3107.07(K), this Court presumes the regularity of the proceedings which indicate that Mother did not raise her constitutional challenge below. As Mother forfeited that issue on appeal, we decline to address it. Mother's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT IN THIS CASE ERRED AS A MATTER OF LAW BY INITIALLY GRANTING LEAVE TO PLEAD THE OBJECTION OF THE BIOLOGICAL MOTHER AND THEN FINDING THAT HER CONSENT IS NOT NECESSARY DUE TO THE TIMELINESS OF HER OBJECTION OUTSIDE OF THE PARAMETERS OF [R.C.] 3107.07(K).

{¶12} Mother argues that the probate court erred by concluding that her consent to the adoptions of her children was unnecessary based on its finding that her objections to the petitions were untimely after the probate court granted Mother leave to file her objections. This Court disagrees.

{¶13} Generally, a parent's written consent is required before the probate court may grant a petition to adopt a minor. R.C. 3107.06. The legislature has enumerated various exceptions to the consent requirement, however. Relevant to this appeal is R.C. 3107.07(K) which obviates the consent requirement where a parent has failed to file an objection to the adoption petition within 14 days of proof of service of the petition and notice of hearing.

{¶14} The probate court concluded that, notwithstanding its order granting Mother leave to file objections, the statutory time limit was not overborne. The trial court reasoned that "it is not within the constitutional scope of judicial power to change the face and effect of the plain meaning of the statute." This Court reviews a trial court's application of a statute de novo. *State v. Chandler*, 9th Dist. Lorain No. 14CA010676, 2016-Ohio-164, ¶ 7.

{¶15} In this case, Mother failed to file her objections within the statutory 14-day limit. Twenty-five days after receiving notice of the petitions and hearing date, Mother filed a motion for leave to file objections. The probate court granted leave, thereby making Mother's objections part of the record. The fact of the official filing of objections by Mother did not render them timely, however.

{¶16} Because adoption statutes are "in derogation of the common law[,]" they "must be strictly construed [and require] strict compliance[.]" *Lemley v. Kaiser*, 6 Ohio St.3d 258, 260 (1983). Due to the fundamental right of parents to raise their children, strict construction of the statutory provisions addressing exceptions to the requirement of parental consent to adoption often inures to the benefit of the natural parents. *See In re Adoption of P.L.H.*, 151 Ohio St.3d 554, 2017-Ohio-5824, ¶ 23-29 (relying on the plain language of R.C. 3107.07(B)(2)(c) to conclude that a putative father's abandonment of the mother is not established by the "fail[ure] to care for and support" *the mother* during pregnancy, as contrasted with the required finding under R.C. 3107.07(B)(2)(b) that the putative father's consent is not required if he "failed to care for and support *the minor*"). (Emphasis added.) Moreover, "strict construction does not require that we interpret statutes in such a manner that would mandate an unjust or unreasonable result[.]" *In re Adoption of Zschach*, 75 Ohio St.3d 648, 655 (1996), citing R.C. 1.47(C). Nevertheless, this Court may not interpret statutory language when it is unambiguous; rather, we must simply apply the statute as written. *State v. Greathouse*, 9th Dist. Medina No. 15CA0024-M, 2016-Ohio-1350, ¶ 8.

{¶17} The relevant statutory language at issue is as follows: "Consent to adoption is not required of * * * a juvenile court, agency, or person given notice of the petition pursuant to [R.C. 3107.11(A)(1)] that fails to file an objection to the petition within fourteen days after proof is filed pursuant to division (B) of that section that the notice was given[.]" R.C. 3107.07(K). Mother

does not dispute that she received the statutorily required notice of the petitions and hearing. She argues only that holding her to the 14-day statutory time limit for filing her objections was unfair.

{¶18} First, Mother argues that, although she did not file objections within 14 days of proof of notice, she called the probate court to request appointed counsel a mere four days after the deadline for objections had passed. Mother argues that the probate court then waited four days before appointing counsel, who moved for leave to file objections a mere three days later. Mother implies that the probate court was at least partially responsible for the untimely filing of her objections. The record is clear, however, that the 14-day statutory time limit had already passed before Mother took any action in this case.

{¶19} We agree with our sister district's discussion regarding this fairness issue.

R.C. 3107.07(K) is clear and unequivocal – consent to adoption is not required of a parent who fails to file an objection to the adoption petition within 14 days after proof of service of notice is filed with the trial court. It is no surprise then that this and other courts have consistently applied R.C. 3107.07(K) strictly to foreclose parents from withholding their consent to adoption where they failed to file an objection to the adoption petition within the 14-day period prescribed by R.C. 3107.07(K). *E.g., In re M.A.S.*, 12th Dist. Clinton No. CA2020-03-005, 2020-Ohio-3603, ¶ 16-18, 22-23; *In re Adoption of A.B.*, 3d Dist. Logan No. 8-19-38, 2019-Ohio-5383, ¶ 31-37; *In re Adoption of A.N.*, 3d Dist. Union No. 14-12-27, 2013-Ohio-3871, ¶ 31-42. Indeed, courts have repeatedly explained that "'strict adherence to the procedural mandates of [R.C. 3107.07(K)] might appear unfair,' but 'the state's interest in facilitating the adoption of children and having the adoption proceeding completed expeditiously justifies such a rigid application.'" *In re M.A.S.* at ¶ 22, quoting *In re Adoption of Zschach*, 75 Ohio St.3d at 652; *see In re Adoption of A.N.* at ¶ 42 ("[W]e acknowledge that 'strict adherence to the procedural mandates of [R.C. 3107.07(K)] might appear unfair,' but that adherence is necessary given the intent of the legislature apparent from the statute's language.").

* * *

[Moreover,] R.C. 3107.07(K) does not distinguish between parents who barely missed the 14-day deadline, parents who filed their objection long after the 14-day deadline, and parents who never attempted to meet the 14-day deadline. Under the plain language of R.C. 3107.07(K), the consequences of missing the 14-day deadline are the same for each set of parents.

*In re Adoption of M.L.*, 3d Dist. Shelby No. 17-21-05, 2021-Ohio-2805, ¶ 19-20. Accordingly, Mother's argument that strict application of the 14-day time limit was unfair given her attempt to note her objections to the adoption petitions shortly after the expiration of the deadline is not well taken.

{¶20} Second, Mother argues that it was unfair to apply the statutory 14-day time limit in this case because the probate court granted her leave to file her objections beyond the deadline. The plain language of the statute does not grant the probate court authority to extend the deadline. It is clear that the legislature knows how to provide for the extension of statutory time limits "for good cause shown" when it wishes to do so. *See, e.g.,* R.C. 2106.25 (allowing the probate court to extend the five-month time limit for surviving spouses to exercise certain rights for good cause shown); R.C. 5711.04(A) (allowing the county auditor to extend the deadline for filing certain tax returns for good cause shown); R.C. 5555.67 (allowing the board of county commissioners to extend time for the completion of certain contracts for good cause shown); R.C. 2981.03(A)(4) (allowing the trial court to extend time in which to hold a seizure hearing for good cause shown); R.C. 173.56(C)(2) (allowing the trial court to extend the time for filing an administrative appeal from a decision of the director of the department of aging for up to six months for good cause shown). Unlike as in these examples, the legislature made no provision for the probate court to extend the 14-day deadline under R.C. 3107.07(K) for a parent to file objections to an adoption petition. Merely finding "good cause" to grant Mother leave to file her objections did not grant the probate court the power to extend the 14-day time limit in the absence of legislative authority.

{¶21} The probate court's order granting Mother leave to file her objections merely allowed her to have those objections made part of the court record. It did not alter the untimeliness of the objections any more than it accorded any substantive value to the arguments therein. While

the result may be harsh, the plain language of R.C. 3107.07(K) imposes a strict 14-day window in which a parent may file an objection to a petition for adoption after proof of notice and provides no authority for the probate court to extend that deadline irrespective of whether the trial court might find good cause for an extension. Mother's second assignment of error is overruled.

## III.

**{¶22}** Mother's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, J.
DISSENTING.

{¶23} I respectfully dissent from the judgment of the majority. I would conclude that the trial court had the authority to extend the timeframe for filing objections, that it in fact did so, and that the trial court then had the obligation to consider the objections that were filed.

{¶24} "[I]t is essential to recognize that 'the right of a natural parent to the care and custody of his [or her] children is one of the most precious and fundamental in law.'" *In re Adoption of A.R.M.R.*, 8th Dist. Cuyahoga No. 106969, 2019-Ohio-253, ¶ 20, quoting *In re Adoption of Masa*, 23 Ohio St.3d 163, 165 (1986). "Adoption terminates those fundamental rights. For this reason, the Ohio Supreme Court has held that '[a]ny exception to the requirement of parental consent [to adoption] must be strictly construed so as to protect the right of natural parents to raise and nurture their children.'" *In re Adoption of A.R.M.R.* at ¶ 20, quoting *In re Adoption of Masa* at 165.

{¶25} "R.C. 3107.06 and 3107.07 do not create a jurisdictional limitation on the probate court's authority; rather, the statutes set forth substantive criteria for the probate court to apply in adoption proceedings." *In re Adoption of S.L.P.*, 8th Dist. Cuyahoga No. 108602, 2020-Ohio-495, ¶ 14. In other words, they provide guidelines; guidelines that were mindfully designed to first and foremost protect the underlying rights of the natural parents.

{¶26} Concluding that trial courts do not possess discretion in these matters does not serve the interests sought to be protected by the statutes. Given the importance of the rights at issue, trial courts must have discretion in order to address the myriad of facts and situations presented to

them so that the fundamental rights of natural parents can be protected and substantial justice served.

{¶27} This view is in fact supported by case law. Case law makes it clear that trial courts do have discretion in issues related to the filing and timing of objections. At least one appellate court has concluded that a trial court has discretion to consider objections timely filed, to deem a motion to strike objections untimely filed, or to grant leave to file objections. *Id.* at ¶ 19. Another court has concluded that the failure to timely file a motion to strike objections can be deemed invited error under certain circumstances. *See In re D.N.O.*, 5th Dist. Stark No. 2012-CA-00239, 2013-Ohio-601, ¶ 40-43. In that same case, the court noted the importance of serving substantial justice. *Id.* at ¶ 43. In addition, it has been concluded that a petitioner's failure to raise the issue of the timeliness of objections in the trial court results in the forfeiture of that issue on appeal. *See In re Adoption of D.W.-E.H.*, 8th Dist. Cuyahoga No. 110705, 2022-Ohio-528, ¶ 46-51. If the matter is subject to forfeiture or invited error, it is only logical to determine that the trial court possesses the authority to extend the timeframe.

{¶28} Accordingly, in my view, the trial court had the authority to extend the 14-day period to object and it did so when it granted Mother leave to file her objections. Therefore, the trial court had the obligation to consider Mother's objections.

APPEARANCES:

RENEE J. JACKWOOD, Attorney at Law, for Appellant.

JULIA A. CAIN, Attorney at Law, for Appellees.