[Cite as *In re P.J.*, 2024-Ohio-5975.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

In the Matter of P.J.

Court of Appeals No. WM-24-016

Trial Court Nos. 20245004

**DECISION AND JUDGMENT**

Decided: December 20, 2024

* * * * *

Avery C. Demland, for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} Appellant C.J. appeals the judgment of the Williams County Court of Common Pleas, Probate Division, dismissing her petition to adopt the minor child P.J. For the following reasons, the trial court's judgment is reversed.

### I. Factual Background and Procedural History

{¶ 2} P.J., born May 22, 2020, is the minor child of appellee mother T.L. and appellee father V.R.[1] T.L. and V.R. have never been married to one another.

{¶ 3} In October 2022, P.J. was removed from the parents' home due to their significant substance abuse issues. He was adjudicated an abused child on February 21,

---

[1] T.L. and V.R. have not filed briefs in this appeal.

2023.  On April 20, 2023, the juvenile court placed him in the temporary custody of C.J. and D.E., where he had been residing since at least March 27, 2023.  By June 14, 2023, C.J. and D.E. were awarded legal custody of P.J.

{¶ 4} On January 31, 2024, T.L. filed a separate pro se action seeking to establish court-ordered parenting time with P.J.  That action remained pending throughout these proceedings.

{¶ 5} The present matter began on April 18, 2024, when C.J. filed her petition to adopt P.J.  Included with the petition was D.E.'s affidavit of consent to the adoption.  Affidavits of consent from T.L. and V.R. were not submitted, but the petition alleged that parental consent was not required because the parents had failed without justifiable cause to provide for the maintenance and support of P.J. for a period of at least one year.

{¶ 6} T.L. and V.R. were served with a notice of the petition, and the trial court received a successful return receipt on April 29, 2024, for V.R. and May 7, 2024, for T.L.  The notices included the following statement:

> **A FINAL DECREE OF ADOPTION, IF GRANTED, WILL RELIEVE YOU OF ALL PARENTAL RIGHTS AND RESPONSIBILITIES, INCLUDING THE RIGHT TO CONTACT THE MINOR, AND, EXCEPT WITH RESPECT TO A SPOUSE OF THE ADOPTION PETITIONER AND RELATIVES OF THAT SPOUSE, TERMINATE ALL LEGAL RELATIONSHIPS BETWEEN THE MINOR AND YOU AND THE MINOR'S OTHER RELATIVES, SO THAT THE MINOR THEREAFTER IS A STRANGER TO YOU AND THE MINOR'S FORMER RELATIVES FOR ALL PURPOSES. IF YOU WISH TO CONTEST THIS ADOPTION, YOU MUST FILE AN OBJECTION TO THE PETITION WITHIN FOURTEEN DAYS AFTER PROOF OF SERVICE OF NOTICE OF THE FILING OF THE PETITION AND OF THE TIME AND PLACE OF HEARING IS GIVEN TO YOU.  IF YOU WISH TO CONSENT** (sic) **THE ADOPTION, YOU MUST ALSO APPEAR AT THE HEARING.  A**

2.

**FINAL DECREE OF ADOPTION MAY BE ENTERED IF YOU FAIL TO FILE AN OBJECTION TO THE ADOPTION PETITION OR APPEAR AT THE HEARING.**

Neither T.L. nor V.R. filed an objection to the adoption petition.

{¶ 7} On May 29, 2024, the trial court held a hearing to determine whether parental consent was required. At the start of the hearing, C.J. moved for summary judgment on the issue, arguing that because T.L. and V.R. failed to file objections to the adoption petition, their consent was not required as stated in R.C. 3107.07(K). That statute provides, in relevant part, "Consent to adoption is not required of . . . a juvenile court, agency, or person given notice of the petition pursuant to division (A)(1) of section 3107.11 of the Revised Code that fails to file an objection to the petition within fourteen days after proof is filed pursuant to division (B) of that section that the notice was given." R.C. 3107.07(K). Under R.C. 3107.11(A)(1), notice "shall be given by the court to . . . [a]ny juvenile court, agency, or person whose consent to the adoption is required by this chapter but who has not consented." The trial court took the matter under advisement and proceeded with the hearing.

{¶ 8} At the hearing, C.J. testified that she did not seek any child support from T.L. or V.R. because she was told that the alternative of cash assistance from the county would be more beneficial to her. She further testified that T.L. and V.R. never offered to provide any financial or material support for P.J. T.L. testified, to the contrary, that she has been employed since November 23, 2024, offered to provide clothing and items to support P.J., and would be willing to provide other support if asked by the custodians or ordered to by the court.

3.

**{¶ 9}** On July 19, 2024, the trial court dismissed C.J.'s petition, holding that parental consent was required for the adoption proceeding but was not given. It found that R.C. 3107.07(K) did not apply to parents, for whom a separate provision existed under R.C. 3107.07(A). It reasoned,

> The Court does not interpret ORC 3107.07(K) to eliminate a parent's ability to contest the termination of parental rights because they fail to file a written objection. If that was intended it would eliminate the need to prove that a parent has not provided support or had contact with the child. The termination of a parent's right to their child cannot be based upon failure to file a written document within a fourteen (14) day period when they were having contact with the child, had filed a proceeding to get Court Ordered visitation which was pending at the time of the filing of the Adoption Petition, appeared for hearings in both cases (paternity case and this Adoption case) and expressed their objection at the hearing.

The trial court further held that C.J. failed to demonstrate parental consent was not required under R.C. 3107.07(A) because she did not present clear and convincing evidence that T.L. and V.R. failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition. The court reasoned that there was not enough evidence in the record pertaining to T.L.'s and V.R.'s wages, monthly obligations, and ability to pay to make the opposite finding, particularly where there was no child support court order.

## II. Assignment of Error

**{¶ 10}** C.J. timely appeals the trial court's July 19, 2024 judgment, presenting two assignments of error for review:

1. The trial court erred in ruling Ohio Revised Code 3107.07(K) does not apply to parents because the section says "person" rather than "parent."

2. The court erred in determining appellant did not show the biological parents failed to support the minor child without justifiable cause.

### III. Analysis

{¶ 11} Because C.J.'s first assignment of error is determinative, this analysis will begin and end with that issue.

{¶ 12} In her first assignment of error, C.J. argues that the trial court erred in its interpretation that R.C. 3107.07(K) does not apply to parents. A trial court's interpretation and application of a statute is subject to a de novo standard of review. *In re Adoption of A.N.*, 2013-Ohio-3871, ¶ 20 (3d Dist.); *Kerger & Hartman, L.L.C. v. Ajami*, 2015-Ohio-5157, ¶ 39 (6th Dist.).

{¶ 13} In general, R.C. 3107.06 requires written parental consent for adoption. R.C. 3107.07, however, provides several exceptions to the consent requirement. Two provisions of R.C. 3107.07 are relevant here: R.C. 3107.07(A), which applies specifically to parents, and R.C. 3107.07(K), which applies to "a juvenile court, agency, or person given notice of the [adoption] petition."

{¶ 14} The trial court held that because subsection (A) applies specifically to parents, the use of "persons" in subsection (K) must exclude parents. This is incorrect and contrary to the weight of Ohio precedence.

5.

{¶ 15} R.C. 3107.07(K) states that consent to adoption is not required from "a juvenile court, agency, or person given notice of the petition pursuant to division (A)(1) of section 3107.11 of the Revised Code that fails to file an objection to the petition within fourteen days after proof is filed pursuant to division (B) of that section that the notice was given."

{¶ 16} This section "is clear and unequivocal – consent to adoption is not required of a parent who fails to file an objection to the adoption petition within 14 days after proof of service of notice is filed with the trial court." *In re Adoption of M.L.*, 2021-Ohio-2805, ¶ 19 (3d Dist.); *see also In re Adoption of H.N.R.*, 2015-Ohio-5476, ¶ 18 (requiring putative father to comply with R.C. 3107.07(K) to attain status of one whose consent is required for adoption—i.e, must file objection and participate in the hearing on the adoption petition); *Matter of Adoption of K.W.*, 2024-Ohio-1818, ¶ 30 (5th Dist.) (trial court correctly held that mother's consent to adoption not required pursuant to R.C. 3107.07(K) because she did not timely file objection); *In re G.W.K.*, 2022-Ohio-2620, ¶ 13 (9th Dist.) (R.C. 3107.07(K) "obviates the consent requirement where a parent has failed to file an objection to the adoption petition within 14 days of proof of service of the petition and notice of hearing"); *In re M.L.*, 2021-Ohio-2805 (3d Dist.) (biological father's consent not required because he did not file an objection within the 14-day deadline); *In re M.A.S.*, 2020-Ohio-3603, ¶ 15 (12th Dist.) (R.C. 3107.07(K) "applies to all persons and entities whose consent to the petition is required, regardless of their status as parent, putative father, agency, or juvenile court"); *In re A.N.*, 2013-Ohio-3871, at ¶ 34

6.

(3d Dist.) (holding that consent from putative father no longer needed pursuant to R.C. 3107.07(K)).

{¶ 17} T.L. and V.R., as parents, are persons. Under R.C. 3107.11(A)(1), T.L. and V.R. were required to receive notice from the trial court of the filing of the adoption petition and of the time and place of hearings, and indeed the record shows they were given such notice. Finally, they had to file an objection within 14 days after proof is filed that the notice was given. The docket reveals that proof of successful service was filed on April 29, 2024, as to V.R., and May 7, 2024, as to T.L. Neither party ever filed an objection, and certainly not within the 14 days following that proof.

{¶ 18} Accordingly, because T.L. and V.R. were required to receive notice, did receive notice, and failed to file an objection after receiving the notice, their consent to the adoption is not required pursuant to R.C. 3107.07(K).[2]

{¶ 19} C.J.'s first assignment of error is well-taken. Because consent is not required pursuant to R.C. 3107.07(K), her second assignment of error challenging the trial court's finding that she did not satisfy R.C. 3107.07(A) is moot.

### IV. Conclusion

{¶ 20} For the foregoing reasons, the judgment of the Williams County Court of Common Pleas, Probate Division, is reversed. Parental consent to the adoption petition is

---

[2] Notably, even if a parent does timely object, his or her consent to adoption still may not be required where he or she "has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner." R.C. 3107.07(A).

7.

not required in this case. The matter is remanded to the trial court for a determination under R.C. 3107.14(C) whether adoption is in the best interest of P.J. *See In re Adoption of Charles B.*, 50 Ohio St.3d 88, 90 (1990) ("[P]ursuant to R.C. 3107.14, adoption matters must be decided on a case-by-case basis through the able exercise of discretion by the trial court giving due consideration to all known factors in determining what is in the best interest of the person to be adopted."). In accordance with App.R. 24, costs of this appeal are assessed evenly to T.L. and V.R.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6ᵗʰ Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmuda, J.

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.

8.