[Cite as *In re Adoption of E.G.B.*, 2025-Ohio-3005.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF THE ADOPTION OF E.G.B. AND L.R.B. | : | C.A. Nos. 30432; 30433 |
| | : | |
| | : | Trial Court Case Nos. 2024 ADP 00127; 2024 ADP 00128 |
| | : | |
| | : | (Appeal from Common Pleas Court-Probate Division) |
| | : | |
| | : | **FINAL JUDGMENT ENTRY & OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on August 22, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

EPLEY, P.J., and LEWIS, J., concur.

**OPINION**
MONTGOMERY C.A. Nos. 30432; 30433

BLUE T. SULLIVAN, Attorney for Appellant
JENNIFER S. GETTY, Attorney for Appellees

TUCKER, J.

{¶ 1} Appellant R.A.C. ("Mother") appeals from a judgment of the Montgomery County Court of Common Pleas, Probate Division, finding that her consent to the adoption of her minor children was not required. For the reasons that follow, we affirm.

## I. Factual and Procedural History

{¶ 2} Mother is the biological parent of E.G.B., born in August 2019, and L.R.B., born in July 2020. The children have lived with their maternal grandfather and his wife ("the grandparents") since they were infants. The maternal grandfather was granted legal custody of the children in May 2021.

{¶ 3} On September 23, 2024, the grandparents filed petitions for the adoption of E.G.B. and L.R.B. In the petitions, the grandparents alleged Mother's consent was not needed because she failed without justifiable cause to (1) have more than de minimis contact with the children, and (2) provide maintenance or support for the children. On the same day, the grandparents filed instructions for service and notice of hearing upon Mother. The clerk of courts mailed the service and notice by FedEx Corporation on September 24, 2024. Mother received, and signed for, the notices on September 30, 2024.

{¶ 4} On November 3, 2024, counsel entered an appearance on behalf of Mother in both adoption cases and filed a motion for extension of time to file objections to the petitions. The motion stated:

Upon being served Mother sought assistance from the Ohio Domestic Violence Network ("ODVN") to obtain legal counsel in this matter as she is represented through ODVN in [an accompanying matter]. Upon learning ODVN could not assist her as this is an adoption matter, Mother immediately sought private counsel who is now seeking an extension to file the attached Objection as Mother does not consent to the adoption.

{¶ 5} On the same day, Mother filed objections to the adoptions in which she denied the allegations that she had failed to provide more than de minimis contact with the children and that she had failed to provide support for the children. The motion for extension was denied on November 21, 2024.

{¶ 6} On November 22, 2024, the court held a telephone conference with counsel. It then ordered Mother to "file a statement with the Court identifying whether service of notice of hearing on the petitions were [sic] insufficient and if so, state with particularity the reasons in support of any insufficiency of service." On December 2, 2024, Mother filed a document entitled "Service Statement" in which she alleged that the service of process was insufficient because she "did not receive Form 18.2, which contains the notice [of the need to file objections to the adoption action within 14 days as] required by R.C. 3107.11."

{¶ 7} A hearing on the issues of service and consent was held on February 20, 2025. Mother testified that she had received and signed for a package from FedEx. She further testified that she had read the papers and then sent messages via Facebook to her father. Mother testified that she and her mother, with whom she was living, had reviewed the papers that evening. She also testified that she had not been aware that she was required to file objections within 14 days because she did not receive such a notification. Specifically, she testified that the notice sent by the clerk did not include the required page setting forth the

notice regarding the 14-day objection deadline. Mother immediately contacted her attorney and texted her attorney a picture of the paperwork. According to Mother, her attorney told her to contact ODVN regarding representation. Mother testified that she had contacted ODVN and that it "took them two weeks to get back to her" to deny representation. It took her another two weeks to gather enough money to be able to retain her attorney.

**{¶ 8}** The trial court found that Mother's testimony lacked credibility and that she had been properly notified of the need to file objections within 14 days of service. Because she failed to do so, the trial court concluded that her consent to the adoptions was not needed.

**{¶ 9}** Mother appeals.

## II.      Consent to Adoption

**{¶ 10}** Mother's sole assignment of error states as follows:

The trial court failed to follow the law by finding that Appellant's consent is not

required, or it was against the manifest weight of the evidence for the trial court

to find the Appellant's consent was not required.

**{¶ 11}** Mother contends the probate court's decision was against the manifest weight of the evidence and that it erred in concluding her consent was not required for the adoption actions to proceed. In support, she argues the record demonstrates that her objections to the adoptions were not untimely because she did not receive proper notice of the deadline for filing objections.

**{¶ 12}** Under Ohio law, an adoption proceeding is a two-step process involving (1) the consent phase and (2) the best interest phase. *In re Adoption of J.A.M.*, 2022-Ohio-2313, ¶ 9 (2d Dist.). "[C]ertain persons [including the biological parents] must consent to an adoption." *In re M.A.S.*, 2020-Ohio-3603, ¶ 14 (12th Dist.). A trial court's finding that the

consent of a statutorily required party is not required is a final appealable order. *In re Adoption of Greer*, 70 Ohio St.3d 293 (1994), paragraph one of the syllabus.

{¶ 13} There are exceptions to the consent requirement. *In re M.A.S.* at ¶ 14, citing R.C. 3107.07. "As applicable to this case, these exceptions include a person whose consent is required who fails to file an objection to the adoption petition within 14 days of proof of service." *Id.*, citing R.C. 3107.07(K). "To implicate R.C. 3107.07(K), the notice must clearly inform the recipient that he is required to file an objection to the petition within 14 days." *Id.* at ¶ 15.

{¶ 14} R.C. 3107.11 sets forth the requirements for notice in adoption cases. Of relevance to this matter, the statute provides:

Upon the filing of a petition for adoption that alleges that a parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor, the clerk of courts shall send a notice to that parent with the following language in boldface type and in all capital letters:

"A FINAL DECREE OF ADOPTION, IF GRANTED, WILL RELIEVE YOU OF ALL PARENTAL RIGHTS AND RESPONSIBILITIES, INCLUDING THE RIGHT TO CONTACT THE MINOR, AND, EXCEPT WITH RESPECT TO A SPOUSE OF THE ADOPTION PETITIONER AND RELATIVES OF THAT SPOUSE, TERMINATE ALL LEGAL RELATIONSHIPS BETWEEN THE MINOR AND YOU AND THE MINOR'S OTHER RELATIVES, SO THAT THE MINOR THEREAFTER IS A STRANGER TO YOU AND THE MINOR'S FORMER RELATIVES FOR ALL PURPOSES, WITH THE EXCEPTION OF DIVISION (A)(1)(b) OF SECTION 3107.15 OF THE REVISED CODE. IF YOU

WISH TO CONTEST THE ADOPTION, YOU MUST FILE AN OBJECTION TO THE PETITION WITHIN FOURTEEN DAYS AFTER PROOF OF SERVICE OF NOTICE OF THE FILING OF THE PETITION AND OF THE TIME AND PLACE OF HEARING IS GIVEN TO YOU. IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST ALSO APPEAR AT THE HEARING. A FINAL DECREE OF ADOPTION MAY BE ENTERED IF YOU FAIL TO FILE AN OBJECTION TO THE ADOPTION PETITION OR APPEAR AT THE HEARING."

R.C. 3107.11(B).

{¶ 15} The service of such notice is governed by Civ.R. 73(E)(3) and permits service via FedEx. *In re Adoption of M.L.K.*, 2023-Ohio-3184, ¶ 33 (2d Dist.).

{¶ 16} There is no dispute that Mother's objections were not timely filed. However, Mother claims her untimeliness should have been excused because she did not receive the portion of the notice regarding the deadline for filing objections. After conducting a hearing on the issue, the probate court specifically found Mother's testimony was not credible.

{¶ 17} The credibility of witnesses and the weight to be given to their testimony are matters for the trier of fact to resolve. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). The "trier of fact is free to believe all, some, or none of the testimony of each witness appearing before it." *State v. Grant*, 2020-Ohio-3055, ¶ 50 (2d Dist.), citing *State v. Wright*, 2002-Ohio-4279, ¶ 25 (8th Dist.). Thus, "the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility." *State v. Cobb*, 2025-Ohio-1274, ¶ 23 (2d Dist.), *quoting State v. Lawson*, 1997 WL 476684, *4 (2d Dist. Aug. 22, 1997).

{¶ 18} A review of the record shows that the documents filed in the record by the clerk contain a page setting forth the date, time, and place of the hearing as well as notice that the grandparents alleged that Mother's consent was not required. The second page in that filing set forth the language required by R.C. 3107.11 regarding the deadline for filing objections to the adoption. Significantly, neither Mother's motion for extension of time for filing objections nor her actual objections set forth any allegation that Mother had not received proper notification of the 14-day period for filing objections. Indeed, Mother did not raise an issue with the sufficiency of the notice served upon her until November 22, 2024, when the court held a telephone conference with counsel. Even then, Mother did not raise the specific claim that she was not provided notice of the 14-day deadline for objections until December 2, 2024, when she filed her "Service Statement."

{¶ 19} Based upon the record before us, we cannot say that the probate court lost its way in finding that Mother's claim regarding the insufficiency of notice lacked credibility. Therefore, the assignment of error is overruled.

## III.    Conclusion

{¶ 20} Mother's sole assignment of error being overruled, the judgment of the probate court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J., and LEWIS, J., concur.