[Cite as *In re Adoption of F.M.W.*, 2026-Ohio-2309.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF THE ADOPTION OF F.M.W., A MINOR CHILD | : | C.A. No. 30732 |
| | : | |
| | : | Trial Court Case No. 2025 ADP 00093 |
| | : | |
| | : | (Appeal from Common Pleas Court-Probate Division) |
| | : | |
| | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on June 18, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
ROBERT G. HANSEMAN, JUDGE

TUCKER, J., and EPLEY, J., concur.

HOLLY M. SIMPSON, Attorney for Appellant
JAMES C. STATON, Attorney for Appellee

HANSEMAN, J.

{¶ 1} Appellant-Father ("Father") appeals from a judgment of the Montgomery County Court of Common Pleas, Probate Division, that concluded that his consent to the adoption of his biological child F.M.W. by maternal grandmother was not required. For the following reasons, the probate court's judgment is affirmed.

## I.     Facts and Procedural History

{¶ 2} F.M.W. was born in 2017. Father is the biological father of F.M.W., and he signed the birth certificate. In September 2024, F.M.W.'s maternal grandmother ("Grandmother") filed for legal custody of F.M.W. in the Montgomery County Common Pleas Court, Juvenile Division. At the time of Grandmother's filing, F.M.W. was living with Grandmother and Father was incarcerated. The juvenile court granted Grandmother legal custody of F.M.W. on January 17, 2025.

{¶ 3} Later, on July 3, 2025, Grandmother filed a petition to adopt F.M.W. in the probate court. When Grandmother filed the petition, F.M.W.'s biological mother consented to the adoption. The probate court set a hearing on Grandmother's adoption petition for December 5, 2025, and sent Father the notice of hearing. Father was served by certified mail at the state prison facility where he was incarcerated, and a return receipt was filed in the probate court on July 16, 2025. After Father was served, he did not file an objection to the adoption. Due to his incarceration, Father failed to attend the hearing on December 5, 2025.

{¶ 4} At the hearing, the court's assessor testified that Grandmother maintained a stable, loving home and that it was in F.M.W.'s best interests to be adopted by Grandmother. The assessor's report indicated that F.M.W.'s mother was unstable with mental health issues, and Father was "in and out of jail." The probate court found that F.M.W.'s mother consented to the adoption and that because Father had failed to object after being served, his consent was not required. The probate court granted a final decree of adoption on December 5, 2025.

{¶ 5} After receiving the final decree of adoption, Father filed a handwritten letter in the probate court on December 24, 2025, objecting to the adoption. Father then filed the instant appeal on January 5, 2026. In his assignment of error, Father claims the probate court erred when it found that his consent to the adoption was unnecessary.

## II.    Law and Discussion

{¶ 6} The law recognizes that "the right of a natural parent to the care and custody of his children is one of the most precious and fundamental in law." *In re Adoption of Masa*, 23 Ohio St.3d 163, 165 (1986), citing *Santosky v. Kramer,* 455 U.S. 745, 753 (1982), and *In re Baby Girl Baxter* (1985), 17 Ohio St.3d 229, 235 (Celebrezze, C.J., concurring). "Adoption terminates those fundamental rights." *Id*., citing R.C. 3107.15(A)(1).

{¶ 7} In Ohio, certain people and entities must consent to adoption. R.C. 3107.06. These people include the mother, father, putative father, and other parent who acknowledged paternity of the child, among others. *Id*. However, exceptions to the consent requirement exist. R.C. 3107.07. Under R.C. 3107.07(I), except as provided in R.C. 3107.07(F) and (G), consent to an adoption is not required from a person whose consent is required who is given notice of the adoption petition in accordance with R.C. 3107.11(A)(1) and who fails to comply with the requirements described in

3

R.C. 3107.11(B), which set forth the procedures to object to an adoption. To trigger the consent exception of R.C. 3107.07(I), the notice provided to the recipient must inform the person that the person is required to file an objection to the adoption petition within 14 or 28 days, as applicable, and appear at the hearing on the petition. R.C. 3107.11(B).

{¶ 8} The notice requirements of R.C. 3107.11(B) state:

[T]he clerk of courts shall send a notice to that parent with the following language in boldface type and in all capital letters:

"A FINAL DECREE OF ADOPTION, IF GRANTED, WILL TERMINATE YOUR PARENTAL RIGHTS AND RESPONSIBILITIES, INCLUDING THE RIGHT TO CONTACT THE MINOR. ALL LEGAL RELATIONSHIPS BETWEEN THE MINOR AND YOU AND YOUR RELATIVES WILL TERMINATE, SO THAT THE MINOR IS A STRANGER TO YOU AND YOUR RELATIVES FOR ALL PURPOSES, WITH THE EXCEPTION OF DIVISION (A)(1)(b) OF SECTION 3107.15 OF THE REVISED CODE.

IF YOU OBJECT TO THE ADOPTION, AND THE MINOR WAS LESS THAN ONE YEAR OF AGE AT THE TIME THE PETITION FOR ADOPTION WAS FILED, YOU MUST DO BOTH OF THE FOLLOWING:

(1) FILE A WRITTEN OBJECTION WITH THE COURT WITHIN FOURTEEN DAYS FROM THE DATE OF SERVICE OF NOTICE OF THE FILING OF THE PETITION AND OF THE TIME AND PLACE OF HEARING.

(2) APPEAR AT THE HEARING.

IF YOU OBJECT TO THE ADOPTION, AND THE MINOR WAS ONE YEAR OF AGE OR OLDER AT THE TIME THE PETITION FOR ADOPTION WAS FILED, YOU MUST DO BOTH OF THE FOLLOWING:

4

(1) FILE A WRITTEN OBJECTION WITH THE COURT WITHIN TWENTY-EIGHT DAYS FROM THE DATE OF SERVICE OF NOTICE OF THE FILING OF THE PETITION AND OF THE TIME AND PLACE OF HEARING. FOR GOOD CAUSE SHOWN, THE COURT MAY EXTEND THE TIME IN WHICH A WRITTEN OBJECTION MAY BE FILED.

(2) APPEAR AT THE HEARING.

{¶ 9} Service of the notice is governed by Civ.R. 73(E)(3). The rule permits service via United States certified or express mail return receipt requested, or by a commercial carrier service utilizing any form of delivery requiring a signed receipt. *Id.*

{¶ 10} Father contends that the probate court erred in finding that his consent was not required. However, "[to] preserve his right to withhold consent to the child's adoption and avoid a finding that the requirement of his consent shall be excused, a putative father who has signed the birth certificate of a child must file a written objection to the adoption with the court . . . ." *In re Adoption of Greer*, 70 Ohio St.3d 293 (1994), paragraph three of the syllabus. Biological parents of a minor must also file written objections to the adoption with the court to preserve the right to contest the adoption of the minor. *In re Adoption of K.W.*, 2024-Ohio-1818 (5th Dist.). "[C]onsent to adoption is not required of a parent who fails to file an objection to the adoption petition after proof of service of notice is filed with the trial court." *In re P.J.*, 2024-Ohio-5975, ¶ 16 (6th Dist.), quoting *In re Adoption of M.L.*, 2021-Ohio-2805, ¶ 19 (3d Dist.) (biological father's consent not required because he did not file an objection within the deadline).

{¶ 11} We have previously upheld a probate court's determination that parental consent is not required when a parent fails to file timely objections to an adoption after being served with the notice of adoption. *In re Adoption of E.G.B.*, 2025-Ohio-3005 (2d Dist.).

5

Numerous other Ohio appellate courts also have held that, regardless of a status as "putative father" or "biological parent," the parent or person served with notice must file written objections to the adoption and the failure to do so renders the person's consent unnecessary. *See In re Adoption of K.W.*, 2024-Ohio-1818, ¶ 30 (5th Dist.) (mother's consent to adoption not required because she did not timely file objection); *In re G.W.K.*, 2022-Ohio-2620, ¶ 13 (9th Dist.) (R.C. 3107.07(K) "obviates the consent requirement where a parent has failed to file an objection to the adoption petition after proof of service of the petition and notice of hearing" [1] ); *In re M.A.S.*, 2020-Ohio-3603, ¶ 15 (12th Dist.) (incarcerated father's consent was not required for grandparents to adopt minor because father failed to file objections after being served the notice of adoption); *In re A.N.*, 2013-Ohio-3871, ¶ 38 (3d Dist.) ("[a]nything short of timely filing objections results in consent no longer being required.").

{¶ 12} Father received the mandatory notice of the hearing on the petition for adoption from the probate court, which instructed:

> A FINAL DECREE OF ADOPTION, IF GRANTED, WILL TERMINATE YOUR PARENTAL RIGHTS AND RESPONSIBILITIES, INCLUDING THE RIGHT TO CONTACT THE MINOR. ALL LEGAL RELATIONSHIPS BETWEEN THE MINOR AND YOU AND YOUR RELATIVES WILL TERMINATE, SO THAT THE MINOR IS A STRANGER TO YOU AND YOUR RELATIVES FOR ALL PURPOSES, WITH THE EXCEPTION OF DIVISION (A)(1)(b) OF SECTION 3107.15 OF THE REVISED CODE.
>
> . . .

---

1. The statute is now renumbered as R.C. 3107.07(I).

IF YOU OBJECT TO THE ADOPTION, AND THE MINOR WAS ONE YEAR OF AGE OR OLDER AT THE TIME THE PETITION FOR ADOPTION WAS FILED, YOU MUST DO BOTH OF THE FOLLOWING:

(1) FILE A WRITTEN OBJECTION WITH THE COURT WITHIN TWENTY-EIGHT DAYS FROM THE DATE OF SERVICE OF NOTICE OF THE FILING OF THE PETITION AND OF THE TIME AND PLACE OF HEARING. FOR GOOD CAUSE SHOWN, THE COURT MAY EXTEND THE TIME IN WHICH A WRITTEN OBJECTION MAY BE FILED.

(2) APPEAR AT THE HEARING.

A FINAL DECREE OF ADOPTION MAY BE ENTERED IF YOU FAIL TO FILE A WRITTEN OBJECTION ON TIME AND APPEAR AT THE HEARING.

RIGHT TO AN ATTORNEY: YOU HAVE A RIGHT TO BE REPRESENTED BY AN ATTORNEY. IF YOU ARE INDIGENT AND UNABLE TO EMPLOY AN ATTORNEY, YOU ARE ENTITLED TO HAVE AN ATTORNEY PROVIDED FOR YOU PURSUANT TO CHAPTER 120 OF THE REVISED CODE.

YOU MUST CONTACT THE MONTGOMERY COUNTY PUBLIC DEFENDER, INTAKE SPECIALIST (*information below*), IF YOU WANT AN ATTORNEY TO BE APPOINTED FOR YOU:

. . .

THE COURT SHALL CONSIDER A WRITTEN REQUEST FOR AN ATTORNEY OR A NOTICE OF APPEARANCE FILED BY AN ATTORNEY ON YOUR BEHALF, IN ACCORDANCE WITH THE ABOVEMENTIONED

TIME FRAMES, AS GROUNDS FOR AN EXTENSION TO FILE WRITTEN OBJECTIONS.

Notice of Hearing on Petition for Adoption (July 3, 2025).

{¶ 13} The statutory notice of the petition that Father received complies with R.C. 3107.11(B). Father was personally served around July 16, 2025, while he was incarcerated. But Father did not file an objection or write a letter to the probate court. Under R.C. 3107.07(I), a parent's consent to an adoption is not required when the parent fails to comply with the requirements set forth in a court's notice of an adoption petition.

{¶ 14} While Father argues that the probate court erred in finding that his consent was not required, we conclude that Father's argument lacks merit and overrule his assignment of error. We agree with the probate court that Father's failure to file an objection rendered his consent to adoption unnecessary. As the Supreme Court of Ohio has stated, "[w]hile strict adherence to the procedural mandates of R.C. 3107.07(B) [requiring a putative father to file a written objection to an adoption] might appear unfair in a given case, the state's interest in facilitating the adoption of children and having the adoption proceeding completed expeditiously justifies such a rigid application." *In re Zschach*, 75 Ohio St.3d 648, 652 (1996).

### III. Conclusion

{¶ 15} Having overruled Father's assignment of error, the judgment of the probate court is affirmed.

. . . . . . . . . . . . .

TUCKER, J., and EPLEY, J., concur.

8